No. 2.—FRANCIS M. FREEMAN and WIFE, plaintiffs in error, *vs.* MARY D. TUCKER, administratrix, &c. defendant in error.

[1.] It is a strong implication of law, that guardians shall be allowed to charge against their wards such disbursements and expenses, only, as are reasonable and suitable to their circumstances.

[2.] A guardian is justifiable in expending, *properly*, in the advanced education of his ward, the accumulated profits of his estate.

[3.] They should not be expended merely because they are in hand. There should be a necessity and propriety for the expenditure.

[4.] The husband of a female ward may affirm the acts of her guardian, who has incurred expenses on her account not warranted by law, by allowing them on a settlement.

[5.] If there was neither mistake, fraud or imposition in the settlement, it is binding.

In Equity, in Baldwin Superior Court. Decision by Judge. COCHRAN, February Term, 1856.

Francis M. Freeman, in right of his wife, filed a bill against the administratrix of Harper Tucker, the former guardian of Mrs. Freeman, praying for an account, and alleging that the guardian had violated his duty in making expenditures for his ward exceeding, annually, the income and interest thereon, and thereby exhausting the *corpus* of her estate.

The answer of the administratrix of Tucker stated that the expenditures were made by the ward in obtaining an education; that these expenditures were annually returned to and allowed by the Court of Ordinary; that upon a fair calculation, she is disposed to think the expenditures did not exceed the annual income; that she has paid to Freeman what she considered in full of all claims.

Freeman's receipt was as follows:

" Received of Mrs. Mary Tucker, administrator of Harper Tucker, deceased, Two Thousand Three Hundred and Forty-one $\frac{27}{100}$ Dollars, being the amount, as it now appears, that the said Harper Tucker was due as guardian of my wife, Martha A. Freeman, formerly M. A. Bivins.

F. M. FREEMAN."

The bill, answer and this receipt were submitted to the Jury as the only evidence. The Jury returned a verdict for the defendant. A motion was made for a new trial, on the ground that the verdict was contrary to the law and the evi-

dence. The Court refused a new trial, and this decision is assigned as error.

A. H. KENAN, for plaintiffs in error.

I. L. HARRIS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This bill was filed by the complainants against the defendant, as administratrix of Harper Tucker, deceased, praying an account of his "acts and doings" as guardian of Mrs. Freeman. The intestate was appointed her guardian in 1847. The bill is in the usual form for bills for account, with additional special charges, that the expenditures of the guardian for his ward were incorrect and against law and equity; that they were extravagant and not suited to her condition, and exceeded the annual income of her money and property; and complainants insist that such expenses only as were suitable to the condition of complainant, Martha A. ought to be allowed on settlement.

The answer admits that defendant's intestate was appointed guardian of complainant, Martha A. in 1847; that he obtained possession of her negroes about the last of January, 1848; that on 22d April, 1848, he received $1.000 of her money; on 14th April, 1850, he received $1.289, and on 12th November of the same year, he received $1.139$\frac{25}{100}$.

These amounts included the interest which had accrued in the hands of the administrator, and make up the sum total that he received. He hired out the negroes and collected the hire. The answer denies that the intestate applied the interest of the money and the hire of the negroes to his own use, but states that it was all expended in the education, dress, ornaments, &c. for the complainant, Martha A. The intestate died on the 28th day of May, 1851. The answer further alleges, that decedent had made returns of all his

transactions as guardian, up to the year of his death.  His last return bears date the month of his death.  The complainants intermarried after intestate's death.  After the marriage, the complainants received the negroes, and the complainant, Francis M. Freeman, received of the defendant the sum of $2341$\frac{27}{100}$, for which he gave a receipt in the following words, to-wit:

"MIDWAY, GA. January 15th, 1852.

Received of Mrs. Mary Tucker, administrator of Harper Tucker, deceased, Two Thousand and Three Hundred and Forty-one Dollars and Twenty-seven Cents, being the amount, as it now appears, that the said Harper Tucker was due as guardian of my wife, Martha A. Freeman, formerly Martha A. Bivins.                    F. M. FREEMAN.
    Attest, THOS. T. WELLS."

The answer further states, that intestate paid an account of $73$\frac{00}{100}$ to Mr. John Treanor, a merchant, which was omitted in the return, and sets up a claim of $56 for board.

The cause was tried on the bill and answer, and the receipt of Freeman.  The Jury found a verdict for the defendant.

Complainants moved for a new trial, on the grounds—

1st.  Because the verdict of the Jury was contrary to Law.

2d.  Because it was contrary to Equity.

3d.  Because it was contrary to evidence.

4th.  Because it was contrary to the charge of the Court.

The Court over-ruled the motion.

Error is assigned on the three first grounds ; the last ground is abandoned.

The principal ground on which Counsel for plaintiff in error insisted that a new trial should be granted, was, that the guardian expended on his ward more than the income of her property, and indulged her in expenditures not warranted by her circumstances.

[1.] It is a strong implication of law, that guardians shall. be allowed to charge against their wards such disbursements and expenses only as are reasonable and suitable to their circumstances, and that none other shall be allowed. It is the duty of the guardian to return the amount of his ward's estate, and the annual profits arising therefrom. If the income should be insufficient for the education and maintenance of the ward, it becomes the duty of the Court to bind out the orphan. (*Cobb's New Dig.* 312, 313.) It is apparent from the face of the guardian's returns, which are made part of the defendant's answer, that the expenditures of the guardian,. for part of the time, where high and seemingly extravagant, and exceeded the yearly income of the property. It is not *certain*, however, that the aggregate of expenditures exceeded the aggregate of incomes running through the entire minority of the ward.

[2.] There can be no doubt that the guardian would be justified in expending, *properly*, in the advanced education, &c. of his ward, the annual profits of the ward's estate, accumulated when she was young, and the expenses of her maintenance and education were inconsiderable.

[3.] But then it should not be expended, because it was on hand. There should be a necessity and propriety for the expenditure.

[4.] It is not necessary, in this case, to go further into the consideration of this subject. Its decision depends on different principles. The guardian had died without accounting; the ward, a young lady, had married; the guardian had returned his receipts and expenditures, up to a short time before his death.

The objectionable items of his expenditures all appeared. in his returns. The husband of the ward received from the administrator of the guardian a sum of money for which he receipted; and in the receipt which he gave he stated it was the amount which then appeared to be due by the guardian to his wife. It is not pretended that the returns of the guardian were not full, fair and complete. Nothing more is

charged to have gone into the hands of the guardian than what was embraced in his returns. Nothing is alleged to have been kept back by the administratrix of the guardian.

[5.] It does not appear that the receipt was given under any mistake of fact, or that it was fraudulently obtained. Its terms import that it was given on a calculation. It was for the amount that then appeared to be due. The excessive disbursements now complained of, must have been before him, allowed and deducted. It was competent for him to allow them; and having allowed them, the Jury had a right to find that it was a settlement in which there was neither mistake, imposition or fraud.

We affirm the judgment of the Court below, in refusing a new trial.