## 71881. HUDSON et al. v. VULCAN MATERIALS COMPANY.

(346 SE2d 117)

BEASLEY, Judge.

From July 2, 1982 until his death on March 15, 1985, claimant's husband received 141 weekly payments of $135 in workers' compensation benefits, totalling approximately $19,000, for total disability due to silicosis. Upon her husband's death, dependent claimant sought 400 weeks of continued benefits less the 141 weeks of benefits her husband had received, a net of 259 weeks, under OCGA § 34-9-265 (b) (4). Denial instigated this action.

The State Board of Workers' Compensation concluded that claimant's recovery was governed by former OCGA § 34-9-265, which placed a $32,500 ceiling on recovery for claims under that section,[1] and not OCGA § 34-9-334, as the transitory period governed by this latter section "served its purpose and came to an end" in 1966. The superior court reversed the Board's award, concluding that OCGA § 34-9-334 remains in effect and thus limits claimant's recovery well below the $32,500 cap of former OCGA § 34-9-265 (d). We granted claimant's application for discretionary review.

OCGA § 34-9-265 (b) authorizes compensation where "during the period of disability caused by an accident death results proximately therefrom." Disablement or death resulting from an occupational disease, such as silicosis, qualifies as an injury by accident for purposes of this chapter. OCGA §§ 34-9-280; 34-9-281 (a). Therefore, OCGA § 34-9-265 is the general provision which covers injury due to occupational diseases.

OCGA § 34-9-334, enacted in 1946 (Ga. L. 1946, pp. 103-110), is much more limited in scope than is OCGA § 34-9-265. It addresses only those disabilities or deaths which result from silicosis or asbestosis; no other diseases are covered by it. Through the use of a formula it set, OCGA § 34-9-334 limits compensation for claims which fall under its scope. It provides one formula for the measurement of benefits "during the transitory period [of] the aggregate compensation payable to employees or their dependents." It provides another formula for their calculation "[t]hereafter." There is no further reference to "transitory period" as such in the chapter or in the section. However, the provisions for the new Chapter 8, on occupational diseases, were to "become effective three months from the date of the approval of [the] Act by the Governor," which occurred January 31, 1946. Ga. L. 1946, pp. 103, 110, 119-120. Thus it appears that "the transitory period" refers to that short period described in Code § 114-825 and by the first half of Code § 114-815. The statement in *Yates v.*

---

[1] OCGA § 34-9-265 (d) has since been amended, effective July 1, 1985, to provide a $65,000 ceiling on recovery. Ga. L. 1985, p. 727, § 11.

*U. S. Rubber Co.*, 100 Ga. App. 583, 588 (2) (112 SE2d 182) (1959), that "provision [in Code § 114-815] was made for the Act to go into judicial effect once a period of years" relates to the latter half of Code § 114-815. The statement does not imply an elimination of the citing contained at the end of Code § 114-815.

OCGA § 34-9-334 limits compensation on decedent's injury to $22,300,[2] of which decedent had already collected $19,000, as opposed to the $32,500 limit imposed by former OCGA § 34-9-265.

Claimant advances a strong policy argument that OCGA § 34-9-334's gradual $50-per-month phase-in of liability for silicosis and asbestosis, rather than the imposition of full liability at once, was intended to constitute "the transitory period" until benefits payable for these diseases became equal to those benefits payable for other injuries and diseases. This, according to the view of claimant and the Board, occurred in 1966, and Section 815 then ceased to be active inasmuch as the purpose, as they perceived it, was accomplished.

This view is foreclosed by the Supreme Court's decision in *Harrison v. Southern Talc Co.*, 245 Ga. 212 (2) (264 SE2d 2) (1980). The court in *Harrison* rejected a constitutional challenge to Code Ann. § 114-815 (OCGA § 34-9-334), as well as the argument it had been superseded or repealed by implication by Code Ann. § 114-803 (see OCGA § 34-9-280). On these bases it affirmed a trial court order holding compensation for a 1974 silicosis disability to be limited by Section 815: "We recognize that the total benefits for silicosis are limited under Code Ann. § 114-815 [OCGA § 34-9-334] whereas there is no limitation for total disability under Code Ann. § 114-404 [see OCGA § 34-9-261]. This allegedly unfair disparity is a matter which addresses itself of the General Assembly and not to this court."

Although the Supreme Court noted an "allegedly unfair disparity" between recovery for silicosis and for other total disabilities, claimant is urging that we adopt the position that since 1966 no such disparity exists because the statute is no longer actively operative. We cannot, however, overlook the Supreme Court's conclusion that OCGA § 34-9-334 limited recovery on a post-1966 silicosis disability. We cannot depart and hold that the same provision does not here limit recovery on this post-1966 disability. Until the legislature adopts a definition of "transitory period" as ending when the benefits payable for silicosis and asbestosis under OCGA § 34-9-334 became equal to those payable for other injuries and diseases, or repeals the section altogether, the ceiling contained therein applies to silicosis or asbestosis claims and subjects them to a lower maximum recovery

---

[2] $500 (for the first month) + [$50 (per month) X 436 (the number of months from May, 1946 to the date of disability)].

than disability claims due to other injuries or diseases.
*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 10, 1986.

*B. Randall Blackwood*, for appellants.
*Richard B. Best*, for appellee.