32187. FLINT RIVER MILLS et al. v. HENRY et al.

JORDAN, Justice.

In this workmen's compensation case the natural children of Curtis Henry, an employee of Flint River Mills

prior to his death, sought to exclude Henry's stepchildren from a share of the benefits to dependents accruing because of his death. For a statement of the facts in the case, see the previous litigation in this court. *Flint River Mills v. Henry,* 234 Ga. 385 (216 SE2d 895) (1975).

The natural children contended in the compensation proceeding that the conclusive presumption of the dependency of stepchildren in Code § 114-414 is unconstitutional, denying the natural children due process of law and equal protection of the laws. The board issued an award granting compensation to both the natural children and the stepchildren. On the appeal to the superior court the trial judge declared the provision unconstitutional, and the employer and its insurance carrier appeal.

Code § 114-413, as amended, provides for the payment of specified weekly compensation to the "dependents" of an employee whose death was the result of an accident arising out of and in the course of his employment. Code § 114-414 provides the classes of persons who "shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee." The persons in Division (c) are: "A boy under the age of 18, or a girl under the age of 18, upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent. As used in this section, the terms 'boy,' 'girl,' or 'child' shall include step-children, legally adopted children, posthumous children, and acknowledged illegitimate children, but shall not include married children; the term 'parent' shall include step-parents and parents by adoption."

The natural children contend that the conclusive presumption of dependency of a stepchild in Code § 114-414 should be held to be unconstitutional because it is "an unauthorized attempt to legislate the truth of facts upon which the rights of parties are to depend in judicial investigations." *Southern Cotton Oil Co. v. Raines,* 171 Ga. 154 (4b) (155 SE 484) (1930).

In all the varying family circumstances of employees entitled to workmen's compensation there would be no classification of children among those named in Code §

114-414 that would be dependent on the employee in every case. In many cases where there are divorced parents the minor children are not supported by one of the natural parents. If the conclusive presumption of dependency of a stepchild is unconstitutional as an attempt to legislate facts, the conclusive presumption of dependency of the other classes of children would also be unconstitutional for the same reason.

The trial judge held that the conclusive presumption of the dependency of a natural, legally adopted, posthumous, or acknowledged illegitimate child is founded upon a logical basis because of the duty of the father to provide for the support of such a child, but that there is no legal or moral duty of a stepfather to support his stepchildren, and thus no logical basis for a presumption of dependency as to a stepchild.

Workmen's compensation is a creature of statute, and the beneficiaries of the death benefits of a deceased employee do not purport to be determined by the obligations the employee had to the beneficiaries. Code § 114-414 designates children holding certain relationships to the deceased as dependents as a matter of law so as to qualify them as beneficiaries under the Workmen's Compensation law. It provides that in all cases not covered by the section, questions of dependency shall be determined in accordance with the facts at the time of the accident. It was obviously the intention of the legislature to make the named children beneficiaries without regard to their actual dependency on the deceased employee. The legislature had a constitutional right to designate the children in the classes specified in § 114-414 as beneficiaries of a deceased employee, and the section is not unconstitutional as legislating the truth of facts.

The appellees have cited a number of recent decisions by the United States Supreme Court in which statutes were held to be unconstitutional, as violating due process, because of presumptions in the statute which may be contrary to fact in a particular case. Among these are Bell v. Burson, 402 U. S. 535 (1971); Stanley v. Illinois, 405 U. S. 645 (1972); Vlandis v. Kline, 412 U. S. 441 (1973); and U. S. Dept. of Agriculture v. Murry, 413 U. S. 508 (1973).

Each of these cases was decided on its particular facts. None of the cases was similar to the present one, and the cases do not establish a general rule that there cannot be a constitutional presumption in a law.

The trial judge erred in declaring unconstitutional the provision in favor of stepchildren in Code § 114-414, and in ordering that the award of the Deputy Director of the State Board of Workmen's Compensation be reversed.

*Judgment reversed. All the Justices concur, except Ingram, Hill and Bowles, JJ., who dissent.*

SUBMITTED APRIL 13, 1977 — DECIDED JUNE 8, 1977 — REHEARING DENIED JULY 1, 1977.

*Swift, Currie, McGhee & Hiers, Glover McGhee, Gregory Studdard,* for appellants.

*Ben Kirbo, Ralph C. Smith, Jr., Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellees.

HILL, Justice, dissenting.

I dissent. A stepparent is not under any legal obligation to support the children by a former marriage of his or her spouse. *Wood v. Wood,* 166 Ga. 519 (5) (143 SE 770) (1928); *Chapin v. Cummings,* 191 Ga. 408, 412 (12 SE2d 312) (1940); *Brown v. Sockwell,* 26 Ga. 380, 386 (1858). Such an obligation may be created by adoption or by establishment of an in loco parentis relationship. See *Wood,* supra. However, children of a broken marriage, for example, become stepchildren if either of their parents remarries. Thus, such stepchildren are eligible under our statute for payments because of employment of the spouse of their noncustodial parent as well as because of the employment of the custodial parent or the custodial parent's spouse.

I can find no rational basis for such a result. The conclusive presumption of dependency of stepchildren found in Code Ann. § 114-414 is arbitrary and therefore not a constitutionally permissible legislative action.

If a stepchild should happen to have been placed by a stepparent in a position of dependency on that stepparent,

under the section attacked that stepchild may establish the dependency based on the facts at the time of the accident.

I would find that so far as Code Ann. § 114-414 establishes conclusive presumptions of dependency of stepchildren, it is unconstitutional, and that the decision of the court below should be affirmed.

I am authorized to state that Justice Ingram and Justice Bowles join in this dissent.