## 35399. HARRISON v. SOUTHERN TALC COMPANY et al.

UNDERCOFLER, Presiding Justice.

This is a workers' compensation case. Harrison was awarded $80 per week beginning April 12, 1974, for silicosis. The total benefits for silicosis on April 12, 1974, was $17,250, as provided by Code Ann. § 114-815.[1] Harrison had received that amount in weekly payments in June, 1978, and the payments were terminated. He then filed this action claiming he is entitled to further benefits.

1. Harrison contends the limitation of benefits for silicosis set out in Code Ann. § 114-815 was superseded and impliedly repealed by Ga. L. 1971, pp. 895, 900 (Code Ann. § 114-803), which added subsection 5, "Other occupational diseases . . ." We disagree. Repeals by implication are not favored. Silicosis is specifically set out in subsection 4 of Code Ann. § 114-803. Therefore it is clear that the General Assembly intended to retain the silicosis classification.

2. Harrison contends Code Ann. § 114-815 denies him due process and equal protection of the law because it limits total benefits for silicosis while Ga. L. 1975, pp. 190, 193, removed the limitation of benefits for permanent disability theretofore contained in Code Ann. § 114-404. We do not agree. In our opinion silicosis is a reasonable classification for workers' compensation purposes. We

---

[1] Ga. L. 1946, pp. 102, 110 (Code Ann, § 114-815) provides total benefits of $500 for silicosis disability occurring during the month in which the statute became effective (May 1, 1946), then $50 per month increase in total benefits but not to exceed the maximum total benefits set out in Code Ann. § 114-404. Harrison's disability occurred on April 12, 1974, the 336th month after the effective date of Code Ann. § 114-815. Thus his total benefits were $500 for the first month, plus $50 per month increase for 335 months for a total of $17,250. Appellant stipulates this is a correct computation under Code Ann. § 114-815.

recognize that the total benefits for silicosis are limited under Code Ann. § 114-815 whereas there is no limitation for total disability under Code Ann. § 114-404. This allegedly unfair disparity is a matter which addresses itself to the General Assembly and not to this court.

3. Appellant's attack upon the constitutionality of Code Ann. § 114-815 was definite and timely. "Under the Appellate Practice Act of 1965 (Code Ann. § 6-905), pleadings and procedure shall be liberally construed so as to bring about a decision on the merits." *Grantham v. State*, 244 Ga. 775 (1979). *Taylor v. Moultrie Tobacco Sales Board, Inc.*, 227 Ga. 384 (180 SE2d 737) (1971) will not be followed where it conflicts with *Grantham*, supra.

Appellant raised the constitutional attack in a written motion filed with the Workers' Compensation Board before it issued its final order adopting the order of the administrative law judge. This satisfies the requirement that constitutional challenges must be raised first in the workers' compensation tribunal in order to be considered on appeal to the superior court. See *Burnett v. Burnett*, 209 Ga. 353 (1) (72 SE2d 459) (1952); *Elson's Book Store v. Buice*, 227 Ga. 170-171 (179 SE2d 250) (1971). See also *Martin v. U. S. Fidelity &c. Co.*, 58 Ga. App. 59, 63 (2) (197 SE2d 660) (1938).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED FEBRUARY 19, 1980.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, J. Raymond Bates, Jr.*, for appellant.
*Hugh Kemp*, for appellees.