S94A1442. MORTON v. BELL et al.
(452 SE2d 103)

Carley, Justice.

Appellant-plaintiff operates a funeral escort service in appellee-defendant City of Atlanta (City). When the City's motorcycle officers began using the City's motorcycles to provide their own private funeral escort services in competition with his service, appellant brought this mandamus action and asserted that this practice was in violation of the City's rules and regulations. The trial court denied appellant mandamus relief, holding that a City police officer who is "working outside employment, in uniform, is on duty, and as such is authorized to utilize a city vehicle." It is from this order that appellant appeals.

Private use of the City's vehicles is generally prohibited by § 5-4026 (a) of the City Code, which provides:

The use of any municipally owned vehicle by any official or employee of the city for any purpose other than the city's business is prohibited. These vehicles must be used solely and exclusively for municipal purposes.

Section 5-3041 (2) of the City Code does grant the Commissioner of Public Safety (Commissioner) authority to administer disciplinary action and to formulate operational rules "[n]otwithstanding anything in this article to the contrary. . . ." (Emphasis supplied.) However, § 5-3041 (2) is in the article entitled "Disciplinary Action," while § 5-4026 is in the article entitled "City of Atlanta Motor Transport Services Ordinance." Accordingly, the former provision does not authorize the Commissioner to disregard the proscriptive mandate of the latter provision.

The City Code also contains a general prohibition on the use of City "equipment" in outside employment. "Such employment shall not involve the use of . . . equipment of the city. Police uniforms shall not be considered equipment in the meaning of this rule." Atlanta City Code, Civil Service Rules and Regulations, Chap. XVI, Sec. 1 (7). That police *vehicles* are not specifically exempted from the definition of "equipment," while police *uniforms* are, invites application of

the venerable principle of statutory construction *expressio unius est exclusio alterius*: the express mention of one thing implies the exclusion of another; or the similar maxim more usually applied to statutes, *expressum facit cessare tacitum,* which means that if some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned. See *Bailey v. Lumpkin,* 1 Ga. 392, 403-404 (1846).

*Roman v. Terrell,* 195 Ga. App. 219, 221 (3) (a) (393 SE2d 83) (1990). Thus, applying these principles of construction, the above quoted rule does prohibit the use of City police vehicles in outside employment.

In denying appellant mandamus relief, the trial court relied upon the following:

An employee appearing in public in uniform, though off duty, will be considered on duty and must be prepared to assist the public by taking whatever public safety action is appropriate and necessary.

Atlanta City Code, Department of Public Safety Employee Work Rule 2.52. By its terms, however, this rule provides only that a uniformed off-duty officer will continue to have an official responsibility for the public safety. It does not purport to eliminate or obviate a uniformed off-duty officer's compliance with any other rule which prohibits use of the City's vehicles and equipment while engaged in outside employment.

Whatever immunities a law enforcement officer may possess in the performance of official duties also apply whenever the officer is directing a funeral procession, "whether such service is provided while on duty or not. . . ." OCGA § 40-6-76 (h). However, an officer's entitlement to use the City's vehicles to provide such a service to the public while off-duty is determined by the rules adopted by the City in that regard. The current City Code does not prohibit uniformed City police officers from providing private funeral escort services by the use of vehicles *not* owned by the City. Moreover, the City "may, by ordinance, provide for [funeral] escort service and provide for the imposition of reasonable fees to defray the cost of such service." OCGA § 40-6-76 (c). However, under the present City Code, City police officers may not use City vehicles to provide funeral escort services which are not a part of their employment with the City.

Since appellant has the legal right to have the City's rules enforced so as to prohibit City police officers from using City vehicles to provide private funeral escort services, the trial court erred in denying appellant's request for mandamus relief.

*Judgment reversed. All the Justices concur.*

FLETCHER, Justice, concurring.

I concur in the majority opinion, but write because I believe the public policy of this state provides an additional basis to reverse. Property acquired with public dollars for public use should be utilized solely in a manner compatible with the public interest. The use of public property for purely private gain is contrary to this interest and any attempt by a municipality to authorize such use would be void as against public policy. Such public policy emanates from Art. IX, Sec. II, Par. VIII of the Georgia Constitution.

DECIDED JANUARY 17, 1995.

*Gerald J. Lupa,* for appellant.
*Joe M. Harris, Jr., Clifford E. Hardwick IV, June D. Green, Lisa S. Morchower,* for appellees.