692 So.2d 153 (1997)
RECCHI AMERICA INC., et al., Appellants,
v.
Astley HALL, Appellee.
No. 88011.
Supreme Court of Florida.
March 13, 1997.
Rehearing Denied April 25, 1997.
Robert L. Teitler of Walton, Lantaff, Schroeder & Carson, Miami, for Appellant.
*154 Jack J. Weiss, Miami; and Randy D. Ellison, West Palm Beach, for Appellee.
Mark R. Brown, Professor of Law, Stetson University, St. Petersburg, for American Civil Liberties Union Foundation of Florida, Inc., Amicus Curiae.
GRIMES, Justice.
We have on appeal Hall v. Recchi America Inc., 671 So.2d 197 (Fla. 1st DCA 1996), in which the district court of appeal expressly declared invalid the irrebuttable presumption provision of section 440.09(3), Florida Statutes (1991). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The relevant facts are set forth fully in the opinion below. In brief, appellee Astley Hall sustained work-related injuries during the course of his employment at Recchi America. The undisputed evidence indicated that Hall was not responsible for the accident that caused his injuries. However, the judge of compensation claims (JCC) denied Hall workers' compensation benefits because a urine test administered shortly after the accident revealed the presence of inactive marijuana metabolites in his system. The JCC relied upon section 440.09(3), Florida Statutes (1991), which states:
No [workers'] compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee.... If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee's blood, or if the employee has a positive confirmation of a drug as defined in this act, it shall be presumed that the injury was occasioned primarily by the intoxication of, or by the influence of the drug upon, the employee. In the absence of a drug-free workplace program, this presumption may be rebutted by clear and convincing evidence that the intoxication or influence of the drug did not contribute to the injury.
(Emphasis added.)
The district court of appeal held that the underlined portion of section 440.09(3) creates an irrebuttable (or conclusive) presumption that violates the constitutional right to due process. In reaching its conclusion, the court applied the three-pronged analysis announced by this Court for determining the constitutionality of a conclusive presumption: (1) whether the concern of the legislature was reasonably aroused by the possibility of an abuse which it legitimately desired to avoid; (2) whether there was a reasonable basis for a conclusion that the statute would protect against its occurrence; and (3) whether the expense and other difficulties of individual determinations justify the inherent imprecision of a conclusive presumption. Markham v. Fogg, 458 So.2d 1122, 1125 (Fla. 1984); Bass v. General Dev. Corp., 374 So.2d 479, 484 (Fla.1979). According to the district court of appeal, the irrebuttable presumption failed the three-pronged test because the expense and other difficulties of individual determinations did not justify the inherent imprecision of the conclusive presumption. Hall, 671 So.2d at 201.
We agree with the reasoning and result of the majority opinion below and adopt it in its entirety. To avoid any possible confusion, we clarify that our holding invalidates the irrebuttable presumption altogether, including where an employee's blood alcohol level is 0.10 percent or more by weight at the time of injury. Although the district court of appeal based its decision in part on the diagnostic limitations of urine testing,[1] which is not used to test for alcohol, the court did not rely on that reason alone. In determining that the conclusive presumption created a high potential for inaccuracy, the court also relied on the fact that "[a] positive confirmation of a drug at the time of the industrial injury does not conclusively establish that the industrial accident was causally related to the intoxication of, or the influence of the drug upon, the employee." Id. That point was well illustrated in this case where it was uncontroverted that Hall was injured when a *155 coworker tripped and jabbed a long steel apparatus into the back of his head. The court below also noted the feasibility of individualized determinations of causation.
We find the appropriate remedy is to excise the irrebuttable presumption provision from section 440.09(3) by removing the words "[i]n the absence of a drug-free workplace program." Absent that clause, the statute permits an injured worker to rebut the presumption by presenting clear and convincing evidence that the intoxication or influence of the drug did not contribute to the injury. We believe that the statute as modified continues to further the legislature's intent to discourage drug and alcohol abuse and maximize workplace productivity while at the same time respecting due process requirements.
Accordingly, we affirm the decision below. We decline to address Hall's other arguments.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion.
ANSTEAD, Justice, dissenting.
Although harsh, it is apparent that the legislature has focused on alcohol abuse and illegal drug conduct as the basis for permitting the use of the conclusive presumption involved herein. In fact, only the illegal drug use is involved in this case. Because the state has a very substantial interest in combatting illegal drug use, I would uphold the statute's constitutionality and invocation here. It is also clear in this case that the sanctions provided in the statute were well known to all, and, in essence, made a part of the employment contract.
NOTES
[1] Testimony established that urine testing is inherently incapable of determining whether the active drug in question (in this case marijuana) was present in an individual at the time of injury because urine testing measures the presence of drug metabolites, which implies nothing about the presence of the active drug in the blood at the relevant time. Hall v. Recchi America Inc., 671 So.2d 197, 201 (Fla. 1st DCA 1996).