A97A0841. THOMAS v. DIAMOND RUG & CARPET MILLS.
(486 SE2d 664)

BEASLEY, Judge.

This discretionary appeal poses the question whether an employee of a self-insured employer, who has not established a drug-free workplace program, may be denied workers' compensation benefits under OCGA § 34-9-17 (b) (3) based on refusal to submit to a drug test following an on-the-job injury if he has not been given notice of the consequences of such refusal pursuant to OCGA § 34-9-414.

On May 27, 1995, Thomas appeared at work at Diamond Rug & Carpet Mills, a self-insured employer, at 7:00 a.m. At about 9:30, a hyster (forklift) operated by him ran into a wall, causing injuries to his left foot and ankle. Thomas' supervisor found long skid marks left by the hyster and had never seen an accident of this severity with a hyster. Forty-five to sixty minutes before the accident, a supervisory employee observed Thomas smoking what appeared to be a marijuana pipe.

Thomas was initially treated at a hospital emergency room and then taken to a medical center, where a registered nurse was asked to obtain a urine specimen from Thomas for the purpose of a workers' compensation drug screen test. The nurse asked Thomas if he would voluntarily take a drug test and Thomas refused. He similarly refused a drug test on three occasions over the week he was hospitalized.

Thomas denied smoking marijuana before the accident. He points out that Diamond's incident reports do not note any fault on his part but rather state that he had not been adequately trained in the use of a hyster and that he drove it onto a freshly mopped floor without warning signs. Thomas testified that he refused the drug test because he had been given narcotic pain medications in the ambulance on the way to the medical center.

The day before the accident, he took a drug test given by another company and the results were negative. Thomas had tested positive for marijuana in 1992 during a pre-employment physical given by Diamond. He again submitted to a drug screen by Diamond in January 1995; it was negative. He was aware that Diamond required workers to submit to drug testing after a work-related injury and that he could be terminated for refusing. He testified, however, that he had not been told his refusal could result in the denial of workers' compensation benefits.

OCGA § 34-9-17 (b) states: "No compensation shall be allowed for an injury or death due to intoxication by alcohol or being under the influence of marijuana or a controlled substance, except as may have been lawfully prescribed by a physician for such employee and taken in accordance with such prescription." Subsection (b) (3) specifies: "If the employee unjustifiably refuses to submit to a reliable, scientific test to be performed in the manner set forth in Code Section 34-9-415 to determine the presence of alcohol, marijuana, or a controlled substance in an employee's blood, urine, breath, or other bodily substance, then there shall be a rebuttable presumption that the accident and injury or death were caused by the consumption of alcohol or the ingestion of marijuana or a controlled substance."

OCGA § 34-9-415 is part of Article 11 of OCGA Title 34, which Article is entitled "Drug-Free Workplace Programs." OCGA § 34-9-410 et seq. If an employer implements such a program substantially in accordance with OCGA § 34-9-413, the employer shall qualify for certification for a five percent premium discount under its workers' compensation insurance policy. OCGA § 34-9-412. OCGA § 34-9-413 requires a drug-free workplace program to contain various elements, including a written policy statement as provided in OCGA § 34-9-414 and substance abuse testing as provided in OCGA § 34-9-415. OCGA § 34-9-413 (a) (1), (2). OCGA § 34-9-415 (a) requires the testing con-

ducted by the employer to be in conformity with the standards and procedures established in Article 11 and all applicable Board rules adopted pursuant to Article 11.

OCGA § 34-9-414 (a) states that one time only, prior to testing, all employees and job applicants for employment must be given a notice of testing. In addition, it requires that all employees be given a written policy statement from the employer. Among other things, the policy statement shall identify "[t]he actions the employer may take against an employee or job applicant on the basis of a positive confirmed test result." OCGA § 34-9-414 (a) (1) (B). The policy statement must also advise the employee or job applicant of "[t]he consequences of refusing to submit to a drug test." OCGA § 34-9-414 (a) (4).

The ALJ rejected Thomas' argument and concluded that an employer may invoke the defense in OCGA § 34-9-17 (b) without complying with the notice requirements of OCGA § 34-9-414 because the two Code sections are separate and distinct. Although OCGA § 34-9-17 (b) (3), the presumption provision, does incorporate OCGA § 34-9-415 by reference, the ALJ determined that the issue of Diamond's compliance with the latter Code section was moot because Thomas refused to submit to drug testing. Finding that Thomas unjustifiably refused and that the rebuttable presumption that the work-related accident was caused by the ingestion of marijuana had been corroborated by other evidence, the ALJ denied Thomas' claim for benefits. The Appellate Division accepted the ALJ's findings, adopted its conclusions, and made the award of the ALJ its award. Finding some evidence in the record to support the award, the superior court affirmed.

OCGA § 34-9-17 (b) provides an affirmative defense to the employer where the employee's injury or death was due to the specified causes. *Clark v. Williamson,* 206 Ga. App. 329, 332 (2) (425 SE2d 311) (1992). If the employee unjustifiably refuses to submit to a drug test performed according to OCGA § 34-9-415, the statutory presumption in OCGA § 34-9-17 (b) (3) shifts the burden to the employee to prove that the accident and injury or death were not so caused. On the other hand, if refusal is justified or the test is not performed in the requisite manner, the employer bears the burden of proving its affirmative defense; no statutory presumption arises.

OCGA § 34-9-17 (b) (3)'s presumption is not applicable in this case. Before an employee's refusal to submit to a drug test can carry a rebuttable presumption which may bar workers' compensation benefits, fundamental standards of due process require that the employee be given notice of this consequence so he or she can choose knowledgeably. An additional consideration is the mandate for the equal protection of laws. Employees whose employers are participants in the drug-free workplace program are entitled to such notice.

We cannot conclude that employees of others do not have the same right even though OCGA § 34-9-411 (7) exempts self-insured employers from Article 11. Consequently, an employee's refusal to submit to a drug test following an on-the-job injury is not, as a matter of law, unjustifiable under OCGA § 34-9-17 (b) (3) if the employee has not been given advance notice that refusal will adversely affect entitlement to workers' compensation benefits in the manner the legislature decreed in that Code section.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 9, 1997 — 

 Before Judge Boyett.

*Bennett & Hamilton, Rodney H. Bennett*, for appellant.

*Drew, Eckl & Farnham, John C. Bruffey, Jr., Sullivan, Hall, Booth & Smith, Steven D. Prelutsky*, for appellee.