S97G1423. GEORGIA SELF-INSURERS GUARANTY TRUST
FUND v. THOMAS.
(501 SE2d 818)

CARLEY, Justice.

At issue in this case is the proper interpretation of several inter-related provisions of the Workers' Compensation Act. OCGA § 34-9-17 (b) provides, in relevant part, that compensation shall not be allowed for an injury which is "due to intoxication by alcohol or being under the influence of marijuana or a controlled substance. . . ." In furtherance of this policy, OCGA § 34-9-17 (b) (3) mandates that, if the employee unjustifiably refuses to submit to a reliable, scientific drug test "to be performed in the manner set forth in OCGA § 34-9-415," then a rebuttable presumption will arise that the injury was caused by alcohol or drugs. OCGA § 34-9-415 is itself a part of the Drug-Free Workplace Programs Act (Drug-Free Act), other separate provisions of which compel the employers within its scope to give their employees a written policy statement identifying "[t]he actions the employer may take against an employee or job applicant on the basis of a positive confirmed test result" and "[t]he consequences of refusing to submit to a drug test." OCGA § 34-9-414 (a) (1) (B), (a) (4).

The issue of proper construction of these statutory provisions arises in the context of a claim filed by Richard L. Thomas seeking compensation benefits based upon an injury he suffered while operating machinery for his employer, Diamond Rug & Carpet Mills (Diamond). While at the hospital following his injury, Thomas refused to take a drug test. Although Diamond, as a self insurer, was not within the scope of the Drug-Free Act, Thomas testified at the hearing that he had not been told that his refusal to submit to the test could result in the denial of benefits. The administrative law judge (ALJ) denied Thomas' claim, concluding that the rebuttable presumption authorized by OCGA § 34-9-17 (b) (3) was applicable even though Diamond had not complied with the notice provisions of OCGA § 34-9-414. The Appellate Division adopted the award of the ALJ, and the superior court affirmed.

The Court of Appeals reversed and remanded, holding that due process requires that an employee be given notice that the refusal to submit to a drug test will result in a rebuttable presumption which may bar compensation benefits, and that equal protection mandates that all employees be given the same notice. *Thomas v. Diamond Rug &c. Mills,* 226 Ga. App. 403 (486 SE2d 664) (1997). Thereafter, Dia-

mond filed for bankruptcy relief, and the Georgia Self-Insurers Guaranty Trust Fund (Fund) became the appellant in the case pursuant to OCGA § 34-9-385 (e). We granted certiorari to consider whether the applicability of the rebuttable presumption of OCGA § 34-9-17 (b) (3) is dependent upon the employee's prior receipt of notice that a refusal to submit to a drug test may bar a recovery of benefits. Because such notice is neither statutorily nor constitutionally necessary in order for the rebuttable presumption to arise, we reverse the judgment of the Court of Appeals.

In establishing the rebuttable presumption, OCGA § 34-9-17 (b) (3) expressly refers only to the "manner" of performance of the scientific test as set forth in OCGA § 34-9-415. "Manner" means " '(a) way, mode, method of doing anything, or mode of proceeding in any case or situation.' [Cit.] This definition of 'manner' as referring to an applicable procedure has been recognized in previous decisions of this Court. [Cit.]" *Georgia Subsequent Injury Trust Fund v. Muscogee Iron Works*, 265 Ga. 790, 791 (462 SE2d 367) (1995). Thus, as a matter of statutory construction, OCGA § 34-9-17 (b) (3) incorporates only the applicable drug testing procedures of OCGA § 34-9-415, and does not incorporate any of the additional substantive provisions of the Drug-Free Act. Applicability of the rebuttable presumption is, therefore, dependent entirely upon compliance with the procedural requirements for testing established by OCGA § 34-9-415, and not upon the employer's compliance with the notice provisions of OCGA § 34-9-414.

Additional support for this interpretation of OCGA § 34-9-17 (b) (3) is found in the principle that an express mention of one provision of an act strongly implies the exclusion of the act's other provisions. See *Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995); *City of Macon v. Walker*, 204 Ga. 810 (2) (51 SE2d 633) (1949). Thus, the express incorporation of OCGA § 34-9-415 into OCGA § 34-9-17 (b) (3) strongly implies the exclusion of all other provisions of the Drug-Free Act, including the notice provisions of OCGA § 34-9-414. An employer's failure to implement the provisions of the Drug-Free Act other than OCGA § 34-9-415 is not without consequence, but that consequence is merely the disqualification for an insurance premium discount. OCGA § 34-9-412. However, if the drug test fails to comply with procedures of OCGA § 34-9-415, the employer will not be entitled to rely upon the rebuttable presumption authorized by OCGA § 34-9-17 (b) (3). There is no contention in this case that the employer failed to comply with OCGA § 34-9-415.

Thomas insists that he was constitutionally entitled to notice of the potential applicability of the rebuttable presumption as set forth in OCGA § 34-9-17 (b) (3). This is not the type of notice which is ordinarily required by due process. Indeed, the rebuttable presumption

that the injury was caused by the employee's alcohol or drug use is an evidentiary principle which does not prevent him from recovering workers' compensation benefits until after he has filed a claim and received an opportunity to be heard under OCGA §§ 34-9-100; 34-9-102. Establishment of a *conclusive* presumption, arising from drug test results, that a claimant's injury was due to intoxication or drug use may violate due process. *Recchi America v. Hall*, 692 S2d 153 (Fla. 1997). But see *Flint River Mills v. Henry*, 239 Ga. 347 (236 SE2d 583) (1977). However, a *rebuttable* presumption " 'is valid if there is a rational connection between what is proved and what is to be inferred.' " *Reid v. Perkerson*, 207 Ga. 27, 30 (6) (60 SE2d 151) (1950). See also *Olsen v. State*, 168 Ga. App. 296 (1) (308 SE2d 703) (1983). Certainly, it is not unreasonable to infer that an employee who "unjustifiably" refused to undergo a "reliable, scientific test" performed in the "manner" prescribed by OCGA § 34-9-415 was under the influence of alcohol or drugs and that this use of alcohol or drugs caused the injury. Thus, there is no due process impediment to imposing upon such an employee the evidentiary burden of rebutting that presumption. Because OCGA § 34-9-17 (b) (3) permits an injured employee to rebut the presumption by presenting evidence that the injury was not due to intoxication or drugs, it "further[s] the legislature's intent to discourage drug and alcohol abuse and maximize workplace productivity while at the same time respecting due process requirements." *Recchi America v. Hall*, supra at 155.

Insofar as equal protection is concerned, no employer's failure to comply with the notice provisions of OCGA § 34-9-414 results in the inapplicability of the rebuttable presumption. For employers who are within the scope of the Drug-Free Act and who fail to comply with the notice provisions of OCGA § 34-9-414, the result is the loss of eligibility for an insurance premium discount. OCGA § 34-9-412. The rebuttable presumption of OCGA § 34-9-17 (b) (3) applies equally to all employees, without regard to whether their employers are within the scope of the Drug-Free Act. Accordingly, Thomas' right to equal protection is not violated simply because he is subject to the evidentiary mandate of OCGA § 34-9-17 (b) (3). Moreover, this Court has generally considered any alleged unfair disparity in workers' compensation cases to be a matter which addresses itself to the General Assembly and not to the judiciary. *Dept. of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822, 823 (3) (411 SE2d 871) (1992); *Harrison v. Southern Talc Co.*, 245 Ga. 212, 213 (2) (264 SE2d 2) (1980); *Williams v. Byrd*, 242 Ga. 80 (247 SE2d 874) (1978). See also *Caldwell v. Hosp. Auth. of Charlton County*, 248 Ga. 887, 891 (3) (287 SE2d 15) (1982).

*Judgment reversed. All the Justices concur, except Benham, C. J., and Hunstein, J., who dissent.*

BENHAM, Chief Justice, dissenting.

Because I believe that principles of due process and public policy require this Court to affirm the decision of the Court of Appeals in this case, I must respectfully dissent.

With regard to a due process analysis in this case, the majority opinion merely holds, without any authority, that the notice involved here is not that which is required by due process. The majority opinion then digresses into an unnecessary discussion of presumptions, when the real issue here is whether employees are entitled to be told what the consequences of their choices will be. The bottom line here is that employees who are hurt on the job and have some reason to fear or distrust drug testing are subject to being deprived of workers' compensation benefits without meaningful notice of that potential sanction. I cannot agree that such employees are afforded due process of law.

The public policy behind the remedial and humane purposes of workers' compensation requires that employees be given an opportunity to conform to expected modes of conduct. Without adequate notice of the consequences of nonconformance, the purposes of workers' compensation may be thwarted. That result is especially regrettable in light of the fact that the giving of the notice involved here places no burden on employers because there are already a number of required notices in the area of workers' compensation. Furthermore, notice of the consequences of refusing testing is likely to further the legislature's goal of reducing drug use in the workplace and increase the likelihood that employees will behave in a manner which will permit their compliance with the drug-testing requirement.

Because the Court of Appeals was correct in its assessment of the issues in this case and because the majority opinion from this Court will do harm to the safety-net the workers' compensation system affords the workers of Georgia, I must dissent. I would affirm the judgment of the Court of Appeals.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JULY 6, 1998.

*Drew, Eckl & Farnham, Daniel C. Kniffen, William G. Pope,* for appellant.
*Bennett & Hamilton, Rodney H. Bennett,* for appellee.