## S01A0913. KENDRIX v. HOLLINGSWORTH CONCRETE PRODUCTS, INC. et al.

### (553 SE2d 270)

Fletcher, Chief Justice.

Donald Kendrix sought workers' compensation benefits following an accident that occurred while he was working for Hollingsworth Concrete Products, Inc. The Administrative Law Judge denied the claim because Kendrix tested positive for marijuana and cocaine after the accident and failed to rebut the presumption found in OCGA § 34-9-17 (b) (2) that the accident was caused by the illegal use of controlled substances. The appellate division affirmed, as did the superior court. We granted Kendrix's application to appeal to consider whether OCGA § 34-9-17 (b) (2) violates equal protection by differentiating between legal and illegal drug use. Because there is a rational basis for distinguishing between workers who are injured while taking prescription medication and those who are injured while taking illegal substances, we affirm.

1. OCGA § 34-9-17 (b) (2) provides a rebuttable presumption that a workplace accident was caused by marijuana or a controlled substance if any amount of marijuana or a controlled substance is found in the employee's blood within eight hours of the accident. However, no presumption arises if the controlled substance was "lawfully prescribed by a physician . . . and taken in accordance with such prescription."[1]

Kendrix contends that this statute violates equal protection under the state and federal constitutions because it distinguishes between controlled substances taken illegally and those taken in accordance with a valid prescription. The protections offered by the equal protection clauses of the state and federal constitutions are coextensive.[2] Where a classification does not involve a suspect class or a fundamental right, it passes muster under the equal protection guarantee if "the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purpose of the legislation."[3]

When a controlled substance is given by prescription, the use of that drug is regulated by several factors that are not present when a drug is taken illegally. A physician determines the proper dosage and duration the medication should be taken. The doctor also informs the patient of any limitations on activities that should be observed while

---

[1] OCGA § 34-9-17 (b).

[2] 1983 Ga. Const., art. I, sec. I, par. II; U.S. Const. amend. XIV, § 1; *Ambles v. State*, 259 Ga. 406, 407 (383 SE2d 555) (1989).

[3] *Cannon v. Georgia Farm Bureau Mutual Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238) (1978).

on the medication. Additionally, the regulations governing the pharmacist who fills the prescription provide another safeguard against misuse of a controlled substance.[4] These factors provide a rational basis for distinguishing between controlled substances taken by prescription and those taken illegally.

We further conclude that distinguishing between legal and illegal drug use bears a direct and real relationship to the legitimate government objective of promoting a safe workplace. The presumption in OCGA § 34-9-17 (b) (2) furthers the state's legitimate goal of reducing workplace accidents and increasing productivity by discouraging illegal drug use.[5]

2. *Love v. State*[6] is not apposite because it involved a criminal statute that effectively created an irrebuttable presumption against illegal users of marijuana. Under the statute at issue in *Love*, a legal user of marijuana could only be convicted of driving under the influence if the state also proved that the marijuana rendered him incapable of driving safely. An illegal user of marijuana, however, was subject to conviction without any proof that his driving ability was impaired. The workers' compensation statute at issue here, OCGA § 34-9-17 (b) (2), is an evidentiary rule that provides a rebuttable presumption and is thus unlike the criminal statute at issue in *Love*.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Smith, Wallis & Scott, Christopher B. Scott, Kenneth A. Smith,* for appellant.

*Carlock, Copeland, Semler & Stair, Christopher A. Whitlock,* for appellees.

---

[4] Ga. Comp. R. & Regs. r. 480-1 et seq.

[5] *Georgia Self-Insurers Guaranty Trust Fund v. Thomas*, 269 Ga. 560, 562 (501 SE2d 818) (1998); see also *Ester v. National Home Centers*, 981 SW2d 91, 96 (Ark. 1998) (upholding constitutionality of similar provision in Arkansas law).

[6] 271 Ga. 398, 402-403 (517 SE2d 53) (1999).