## A01A1279. MARINE PORT TERMINALS, INC. et al. v. DIXON.
### (556 SE2d 246)

ANDREWS, Presiding Judge.

William J. Dixon was awarded workers' compensation benefits after suffering an accidental injury while working for Marine Port Terminals, Inc. in Brunswick. The Terminals and its workers' compensation insurer, Crum & Forster (the employer/insurer), appeal from the award claiming that compensation was barred because: (1) Dixon unjustifiably refused to submit to a urine test requested pursuant to OCGA § 34-9-17 (b) to determine the presence of alcohol or drugs, and (2) this refusal gave rise to an unrebutted presumption under that Code section that the accident and injury were caused by the consumption of alcohol or drugs.

OCGA § 34-9-17 provides in relevant part that:

> (b) No compensation shall be allowed for an injury or death due to intoxication by alcohol or being under the influence of marijuana or a controlled substance, except as may have been lawfully prescribed by a physician for such employee and taken in accordance with such prescription: . . . (3) If the employee unjustifiably refuses to submit to a reliable, scientific test to be performed in the manner set forth in Code Section 34-9-415 to determine the presence of alcohol, marijuana, or a controlled substance in an employee's blood, urine, breath, or other bodily substance, then there shall be a rebuttable presumption that the accident and injury or death were caused by the consumption of alcohol or the ingestion of marijuana or a controlled substance.

Evidence was presented before the administrative law judge (ALJ) that, while Dixon was receiving medical care after his injury, the employer requested that he submit to a urine test pursuant to OCGA § 34-9-17 (b) (3). It is undisputed that Dixon did not submit to the test. According to Dixon, his failure to submit was not an unjustified refusal but was caused by a panic attack he suffered at the time which prevented him from being able to urinate to provide a sample for the test. The employer/insurer claimed that Dixon unjustifiably refused to submit to the test and that a rebuttable presumption arose (which Dixon failed to rebut) that the accident and injury were caused by Dixon's consumption of alcohol or drugs.

In awarding compensation to Dixon, the ALJ did not rule on whether Dixon unjustifiably refused to submit to the test, but held there was no defense to compensation under OCGA § 34-9-17 (b) because the employer/insurer failed to prove "that the test that the employee refused would have been conducted in the manner required by OCGA § 34-9-415." The ALJ ruled in effect that, regardless of whether an employee's refusal to submit to a test was unjustified, no rebuttable presumption will arise under OCGA § 34-9-17 (b) (3) unless the employer/insurer also produces evidence that the refused test would have been performed in the manner set forth in OCGA § 34-9-415. The appellate division of the State Board of Workers' Compensation adopted the ALJ's award, and on appeal the Glynn County Superior Court affirmed the ALJ's award and reasoning.

In support of this holding, the ALJ cited *Ga. Self-Insurers Guaranty Trust Fund v. Thomas*, 269 Ga. 560 (501 SE2d 818) (1998), in which the Supreme Court considered whether the applicability of the rebuttable presumption of OCGA § 34-9-17 (b) (3) was dependent on the employee's prior receipt of notice that his refusal to submit to the test may bar compensation. The Court held that neither the statute nor the constitution made such notice necessary for the rebuttable presumption to arise. Id. at 561. In contrast, the Court noted that OCGA § 34-9-17 (b) (3) does expressly refer to the test as one "to be performed in the manner set forth in Code Section 34-9-415," and thereby incorporates the applicable drug testing procedures of OCGA § 34-9-415. Id. The Court stated that the "[a]pplicability of the rebuttable presumption is, therefore, dependent entirely upon compliance with the procedural requirements for testing established by OCGA § 34-9-415 . . . [and] if the drug test fails to comply with procedures of OCGA § 34-9-415, the employer will not be entitled to rely upon the rebuttable presumption authorized by OCGA § 34-9-17 (b) (3)." Id. The Court further noted that there was no contention in the case that the employer failed to comply with OCGA § 34-9-415. Id.

The Supreme Court's opinion in *Thomas*, supra, does not require that an employer produce evidence that it complied with all the testing procedures of OCGA § 34-9-415 where no testing was done. Subsection (d) of § 34-9-415 sets forth various procedures for specimen collection and testing, and subsections (e), (f), and (g) set forth requirements and procedures for laboratories that analyze specimens. The requirements and procedures of OCGA § 34-9-415 which regulate testing to insure reliable, scientific tests must be complied with where an employee submits to the requested test and testing is done. If the test is positive for alcohol or drugs, *Thomas* makes clear that the rebuttable presumption of OCGA § 34-9-17 (b) (3) will arise if the testing was done in compliance with the procedural requirements for testing in OCGA § 34-9-415. If no testing was done because

342

the employee refused to submit to the test, the requirements and procedures of OCGA § 34-9-415 become relevant only to the extent that the employee contends noncompliance with a requirement or procedure justified the refusal to submit to testing. For example, an employee may justifiably refuse to submit to testing if the employer attempts to collect a specimen from the employee without due regard to the employee's privacy (OCGA § 34-9-415 (d) (1)), or if the employer improperly insists that the employee pay the cost of the test (OCGA § 34-9-415 (d) (10)). Of course, the burden of proof as to whether the refusal was unjustified remains on the employer who denies compensation on the basis that the injury was due to alcohol intoxication or the influence of drugs. OCGA § 34-9-17 (b), (c).

The ALJ erred by ruling that the rebuttable presumption in OCGA § 34-9-17 (b) (3) could not arise because the employer/insurer failed to produce evidence that the refused test would have been performed in the manner set forth in OCGA § 34-9-415. Because of this error, the ALJ further erred by failing to rule on the issues of whether the rebuttable presumption arose because Dixon's refusal to submit to the test was unjustified and, if so, whether Dixon rebutted the presumption. Accordingly, we remand this case to the superior court with directions that the case be remanded to the appellate division and then to the ALJ for further findings of fact and conclusions of law in accordance with this opinion. *Medders v. Smith*, 245 Ga. App. 323, 327 (537 SE2d 153) (2000).[1]

*Judgment reversed and case remanded with directions. Eldridge and Miller, JJ., concur.*

Decided November 7, 2001.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellants.
*Lane & Crowe, Robert L. Crowe*, for appellee.

---

[1] The remaining enumerations of error related to the amount of benefits awarded to Dixon may be reasserted, if necessary, in a subsequent appeal if Dixon is awarded benefits despite his refusal to submit to testing.