LEWIS, J.,
concurring.
' Over years of operation, construction, writing and rewriting, the Florida workers’ compensation system has become increasingly complex and difficult to navigate without the assistance of one having specialized training. It is fair to say that the system once designed and intended to fairly distribute and allocate risk and economic burdens with reduced conflict and confrontation has rapidly expanded into an arena, of such conflict and confusion that legal counsel is. not only helpful, but it is now essential for the protection of workers. This need for representation has been well recognized as Florida’s workers’ compensation system has moved from the once quick and efficient delivery of necessary medical treatment and wages into the current maze, of reduced benefits and a contentious process for the recovery of those benefits.
Now the workers’ compensation program has emasculated the attorney fee provision to the extent that a mandatory fee schedule creates an irrebuttable presumption with regard to attorney fees that eliminates any consideration- of whether the attorney fee is adequate for workers to actually obtain competent counsel in these cases. Thus, circumstances such as this case result in providing counsel attorney fees in an amount of $1.53 per hour, which is clearly unreasonable and insufficient to afford workers the ability to secure competent counsel, and the irrebuttable or conclusive presumption with regard to attorney fees violates- the three-pronged analysis applicable to determine constitutionality here. This irrebuttable or conclusive presumption violates the constitutional right to due process. See Recchi America Inc. v. Hall, 692 So.2d 153 (Fla. 1997); Markham v. Fogg, 458 So.2d 1122 (Fla.1984).
*450 Additionally, where workers face the exclusive remedy under Florida’s workers’ compensation statutes, but are then denied the ability to secure competent counsel due to' the totally unreasonable attorney fees provision, the legislation operates to unconstitutionally deny Florida wófkers access to our courts. As stated in Kluger v. White, 281 So.2d 1, 4 (Fla.1973):
[Wlhere a right of access' to the courts for redress for a particular injury has been provided by statutory law predating the' adoption of -the Declaration' of Rights of the Constitution of the State of Florida, or where1 such right has1 become á part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A.,-the Legislature is without power to abolish such a right without providing á reasonable alternative to protect the rights of the pebple of the State to redress for injuries —