## 77140. EVANS v. RICHARDSON.
### (377 SE2d 521)

BEASLEY, Judge.

Evans, defendant below with Sanders, appeals the grant of summary judgment to plaintiff Richardson.[1]

Richardson sued defendants for $3,500 rent for farmland owned by him for the crop year 1986. The agreement was oral.

Defendant Evans filed for bankruptcy in July 1986, but did not list Richardson as a creditor. After the complaint was filed in the present case in January 1987, Evans sought unsuccessfully to reopen his bankruptcy proceeding to add Richardson.

Evans' answer in this case raised the affirmative defenses of the Statute of Frauds, contending that the contract was one concerning real property and was for more than $500; discharge in bankruptcy; and failure to state a claim upon which relief could be granted.

The trial court granted summary judgment to plaintiff. The record included Evans' submission of his affidavit and the transcript of his testimony before the bankruptcy court.

1. The fourth enumeration seeks to appeal the denial of Evans' motion to dismiss for failure to state a claim, OCGA § 9-11-12 (b) (6). Since the court considered evidence and granted summary judgment, the motion to dismiss was subsumed and leaves nothing independent of it to review. *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d

---

[1] Although the brief names both Evans and Sanders as appellants, the notice of appeal was filed only for Evans and his appeal is all that is before us. OCGA § 5-6-37.

519) (1982); *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (2) (320 SE2d 824) (1984).

2. Plaintiff Richardson's affidavits stated that he rented the land to defendants and assigned to them his peanut allotment for 1986. The rental was $3,500, due January 1. He had the same agreement with defendants for the last three years. He never agreed to rent for any period longer than one year. Defendants' agent or employee harrowed the land in 1986.

In response, Evans submitted an affidavit of February 14, 1988 which stated that "[d]uring a meeting with Edwin Richardson in May, 1986, or a month prior to May 1986, but in the year 1986, I told Edwin Richarson [sic], that I would continue to rent his farm for the crop year of 1986 if a loan was approved and I obtained the operating funds to operate the farm."

He further stated that he had rented the land continuously since 1984 for an indefinite period of time, but "I did not rent the land of [plaintiff] in 1986. I did not use the peanut Quota that was attached to the land. . . . I did not rent any land or farm property from [plaintiff] during 1986 or for any crop year of 1986."

During the hearing on his motion to reopen the bankruptcy proceeding on June 3, 1987, Evans' counsel stated to the court "[t]here was a debt of Edwin Richardson . . . . And we would like to reopen the case to be able to add that debt and to be able to . . . discharge that debt." Evans testified in discussing the 1986 period: "Q. You didn't rent his peanut crop? A. I rented his peanut crop but . . . Q. Peanut allotment? A. I didn't make any peanuts. . . . Q. But you do admit that you did rent Mr. Richardson's farm? A. Yes." Evans testified that he just forgot to list the debt when he originally filed for bankruptcy.

"[W]hether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. It is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony. . . . [E]ven where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge. [Cit.] On the other hand, a careless and untruthful witness may have simply forgotten what was said in the first statement, and tailored his second statement to meet the needs of the occasion without regard to the truth. . . . [S]urely the law will construe this contradiction." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

Thus, "on summary judgment the self-contradictory testimony of

a party-witness, if a reasonable explanation is not offered for the contradiction, must be construed against the party-witness. That is, the favorable portions of the contradictory testimony are excluded. This rule of evidence applies even when the party-witness is the respondent rather than the movant in summary judgment. *Prophecy*, [supra]." *Chapman v. Burks*, 183 Ga. App. 103, 106 (2) (357 SE2d 832) (1987).

The trial court apparently recognized, as do we, that there was an unexplained inconsistency in the testimony and affidavit of Evans, thereby requiring that the favorable portions be disregarded. This conclusively established an enforceable oral rental agreement for the 1986 crop year between Evans and Richardson. OCGA § 44-7-2 (a).

3. The discussion in Division 2 negates the need to address the factual conflict urged in Evans' first and fifth enumerations.

4. The second enumeration argues that the agreement was not just rental of land but also included the sale of goods of a value of more than $500, requiring a written contract under OCGA § 11-2-201. The reasoning is that the inclusion of the peanut allotment as part of the rental amounts to the sale of growing crops pursuant to OCGA § 12-2-107, requiring a writing pursuant to OCGA § 11-2-106 in order to be enforceable.

Evans' uncontradicted testimony on this issue, however, shows that no crop was ever planted on the land in 1986. This reasoning must be rejected.

5. Evans urges in his third enumeration that there exists an issue of fact as to whether the debt should be deemed discharged in bankruptcy, even though that court refused to re-open the proceeding for that purpose, on the ground that Richardson had "actual knowledge" of the proceeding based on 11 USCA § 523 (a) (3) (A). It provides: "[a] discharge . . . does not discharge an individual debtor from any debt — . . . neither listed nor scheduled under section 521 (1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit — . . . timely filing of a proof of claim, *unless such creditor had notice or actual knowledge of the case in time for such timely filing*; . . ." (Emphasis supplied).

Richardson stated that he never received notice of the filing of the bankruptcy until Evans attempted unsuccessfully to open the proceeding in June 1987. The only contrary proof offered was defendant Sanders' statement that "[d]uring a meeting with Edwin Richardson in October, 1986, I told [him] that John Russell Evans had filed bankruptcy."

"Once the moving party for summary judgment had carried its burden of making out a prima facie case, the burden shifts and the opposite party must come forward with rebuttal evidence or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177, 180 (236

SE2d 357) (1977) [Cit.]" *Bright v. Knecht*, 182 Ga. App. 820, 821 (357 SE2d 159) (1987).

"After a creditor has shown that he was not duly scheduled, the burden shifts to the defendant-bankrupt to prove that the creditor had notice or actual knowledge of the proceedings. [Cits.] Notice or knowledge must come at such a time as to give the creditor an equal opportunity with other creditors to avail himself of the benefits of the law and to participate in the administration of the estate of the bankrupt. [Cits.] '(A)ctual knowledge of the proceedings in bankruptcy,' [11 USCA § 523], has been construed by one court to mean 'knowledge of facts at least sufficient to apprise the creditor that a proceeding is actually commenced and where that proceeding is pending.' [Cits.]" *Brown v. Tucker &c. Assoc.*, 139 Ga. App. 740, 741 (1) (2) (229 SE2d 541) (1976).

Accepting Sanders' statement, there is still no showing that such knowledge came in sufficient time to allow Richardson to assert his claim and share in the distribution, as required by the statute, or that it imparted the locale of the pending bankruptcy. The only pertinent facts shown concerning the proceeding are that Evans filed his petition on July 22, 1986, and his discharge was entered on December 2, 1986. Title 11 USCA Rule 3002 (c) provides that the proof of claim must be filed within 90 days after the first scheduled meeting of creditors, regarding which there is no evidence of record.

Summary judgment was appropriate.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1989.

*L. William Russell*, for appellant.
*Clayton A. Hall*, for appellee.