A90A0223. GUNNIN et al. v. SWAT, INC. et al.
(393 SE2d 700)

POPE, Judge.

Byron and Joy Gunnin brought this action for negligent termite inspection against Swat, Inc., and Tommy Dunn, its president. Swat performed a termite inspection on March 31, 1988, in connection with the Gunnins' purchase of a house. At closing on April 7, 1988, Swat provided the Gunnins a standard termite letter certifying that Swat had inspected the house and found no visible signs of past or present infestation. On April 18, 1988, less than three weeks after the inspection, the Gunnins discovered bits of wallpaper falling from the wall in the bathroom and termites falling from the ceiling. Upon closer inspection, they found that the entire rear of the house was infested with termites with resulting structural damages. They notified Swat and the company came out and treated the infested areas. In their complaint, the Gunnins allege the cost of structural repair to be $6,280. The trial court granted summary judgment to defendants Swat and Dunn. *Held*:

We affirm. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." (Citations and punctuation omitted.) *Butler v. Terminix Intl.*, 175 Ga. App. 816 (334 SE2d 865) (1985).

In support of their motion, Swat and Dunn relied on the affidavit

of Dunn, in which he averred that he made the inspection "on or about the 31st day of March, 1988" and that his inspection "revealed no visible evidence of infestation of the property with wood destroying organisms." In opposition, the Gunnins produced the affidavits of Byron Gunnin and Wesley Johnson. Johnson is a qualified and certified pest control operator with 14 years experience. In his affidavit, he stated that he reviewed photographs, videotape and inspection reports of the house made in April 1988. From his examination of this material, Johnson gave his opinion that a proper inspection of the property on March 31, 1988 "would have resulted in the discovery of the infestation existing on that date. . . ." He also opined that signs of the infestation "were plainly visible at the time the alleged inspection was made." " 'Negligence is not to be presumed, but is a matter for affirmative proof.' [Cit.]" *Worth v. Orkin Exterminating Co.*, 142 Ga. App. 59, 62 (234 SE2d 802) (1977). Johnson's affidavit, as an expert in the field, would create a genuine issue of fact as to whether a qualified inspector should have found visible evidence of infestation by wood-destroying organisms on March 31, 1988, but for the absence from the record of the supporting material relied upon by Johnson. OCGA § 9-11-56 (e) provides in pertinent part: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

The court in *Bush v. Legum*, 176 Ga. App. 395, 397 (336 SE2d 284) (1985), made clear that this requirement of attachment of sworn or certified copies applied to material other than papers. In that case, the material at issue consisted of x-rays. In *Crawford v. Phillips*, 173 Ga. App. 517 (326 SE2d 593) (1985), the court applied the requirement to photographs. "As to affidavits [OCGA § 9-11-56 (e)] specifically provides that they shall 'set forth such facts as would be admissible in the evidence.' The same rule applies to depositions, interrogatories, and other evidence submitted on motion for summary judgment under the principle that admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would be inadmissible on motion for summary judgment. [Cits.]" *Matthews v. Wilson*, 119 Ga. App. 708, 711 (168 SE2d 864) (1969).

Johnson's opinion as expressed in his affidavit is not based on personal knowledge. He does not state that he visited the premises. Instead, it is derived from photographs, videotape and reports not appearing in the record. Thus, it is not probative to contradict the affidavit of Dunn. Nor does Byron Gunnin's affidavit create a genuine issue of fact. Although Gunnin avers that visible evidence of termite infestation was easily observed on March 31, 1988, this testimony is directly contradicted by his deposition testimony. In that testimony,

he said he looked at the house on February 22, at which time he made an offer to buy it and he did not enter the house again until April 7 when he started to move in. He did not notice the termite damage until April 18. " '[O]n summary judgment the self-contradictory testimony of a party-witness, if a reasonable explanation is not offered for the contradiction, must be construed against the party-witness. . . .' [Cit.]" *Evans v. Richardson*, 189 Ga. App. 751, 752-753 (377 SE2d 521) (1989). There appears no genuine issue of fact and Dunn and Swat are entitled to judgment as a matter of law.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1990.

*Murray, Donovan & Nabors, Donald R. Donovan*, for appellants. *Monroe Ferguson*, for appellees.