## A90A0331. CRAWFORD v. MEYER.

(395 SE2d 327)

COOPER, Judge.

Appellant appeals the trial court's grant of summary judgment to appellee.

At the time of the automobile collision giving rise to this action, appellant and appellee were both employees of the same motel. Appellee finished her work shift, got in her car which was parked in the employer's parking lot a few feet from the side door to the building in which she worked, backed her car out of the parking space and collided with appellant's vehicle. Appellant, still working on her shift, had parked her car behind appellee's car and was preparing to deliver some items inside the motel. Appellant filed a workers' compensation claim and received benefits from the employer. In her motion for summary judgment, appellee contended that appellant was precluded by OCGA § 34-9-11 from further recovery from a fellow employee.

OCGA § 34-9-11 provides an exclusive remedy for claims as between employees of the same employer "when an injury arises out of and in the course of employment." *Labelle v. Lister*, 192 Ga. App. 464, 465 (1) (385 SE2d 118) (1989). "The period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises. [Cits.]" *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174, 175 (335 SE2d 458) (1985). A parking lot is a part of the employer's premises and an employee " 'remains in the course of . . . employment' during a reasonable time for egress. [Cit.]" *Labelle*, supra at Division 1.

The affidavit, deposition, pleadings and responses of appellee state that appellee and appellant worked for the same employer, and although appellee was finished with her daily work shift, she was in a parking lot on her employer's premises and the accident occurred within a reasonable time for appellee's egress from her workplace. Appellant's affidavit and deposition did not sufficiently rebut the appellee's evidence. See *Evans v. Richardson*, 189 Ga. App. 751 (5) (377 SE2d 521) (1989). Consequently, appellant's exclusive remedy is pursuant to OCGA § 34-9-11 and the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1990.

*James R. Jester*, for appellant.
*McClain & Merritt, M. David Merritt*, for appellee.