A91A1903. SARGENT v. BLANKMANN et al.
(413 SE2d 495)

McMURRAY, Presiding Judge.

Joan Frances Blankmann and Patrick Omar Bohan (plaintiffs) instituted an action against Carlton Willard Sargent (defendant), and others, after plaintiffs' mother Gunar Naib Bohan allegedly suffered fatal injuries while a passenger in an automobile operated by defendant. Defendant moved for summary judgment and argued that the exclusive remedy provision of Georgia's Workers' Compensation Act bars plaintiffs' claims.

At about 8:30 in the morning on September 26, 1988, defendant and Gunar Naib Bohan, employees of the Division of Public Health of the Georgia Department of Human Resources, left their homes in Atlanta to attend a work-related meeting in Dahlonega, Georgia. At about 10:30 that morning, defendant was driving north on Georgia Highway 400 and he drove his vehicle into another vehicle. Bohan was injured in the collision and she was transported to a hospital. Neither defendant nor Bohan made it to the business meeting in Dahlonega.

The trial court denied defendant's motion for summary judgment

and we granted defendant's application for appeal to determine whether plaintiffs' tort claims are barred by the exclusive remedy provision of Georgia's Workers' Compensation Act. *Held*:

"OCGA § 34-9-11 provides an exclusive remedy for claims as between fellow employees of the same employer 'when an injury arises out of and in the course of employment.' *Labelle v. Lister*, 192 Ga. App. 464, 465 (1) (385 SE2d 118) (1989)." *Crawford v. Meyer*, 195 Ga. App. 867 (395 SE2d 327). In the case sub judice, the undisputed evidence shows that defendant and Bohan were employed by the State of Georgia; that both employees were on their way to an out-of-town business meeting at the time of the collision and that defendant and Bohan were required to attend the business meeting by their employer. These circumstances show that Bohan's injuries arose while she and defendant were acting within the scope of their employment. Consequently, plaintiffs' claims against defendant are barred by OCGA § 34-9-11 and the trial court erred in denying defendant's motion for summary judgment. See *Hartford Acc. & Indem. Co. v. Welker*, 75 Ga. App. 594, 599 (2) (44 SE2d 160). Compare *O'Kelley v. Gates*, 160 Ga. App. 400, 401 (287 SE2d 262).

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 —

*Dennis, Corry, Porter & Thornton, William E. Gray II, Craig P. Siegenthaler*, for appellant.
*Ronald L. Hilley*, for appellees.