### A09A0103. FARRAR v. MACIE et al.
#### (676 SE2d 840)

ADAMS, Judge.

Psychologist John Edward Farrar sued attorney James J. Macie, Macie's wife, Mary Ann Macie, and Macie's paralegal, Marsha Dryden, seeking damages arising out of the alleged tortious interference by the defendants with Farrar's business relations, contracts, trade and profession. The trial court granted summary judgment to the defendants, and Farrar appeals. We affirm because Macie is immune from civil liability for his communication to the State Board of Examiners of Psychologists ("State Board") and because the defendants showed a lack of evidence as to Farrar's claim that they distributed a flyer which harmed Farrar's business.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

---

(Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review an appeal from a grant of summary judgment de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. See *Costrini v. Hansen Architects, P.C.*, 247 Ga. App. 136 (543 SE2d 760) (2000).

So viewed, the evidence shows that Macie often encountered Farrar as a testifying expert in child custody cases. On December 15, 2000, Macie wrote to the State Board concerning three cases in which Farrar had given testimony. Dryden typed the letter, but neither Dryden nor Mary Ann Macie was involved in composing the correspondence. The State Board investigated Farrar and issued a final decision on October 16, 2003. The State Board found Farrar had violated its rules and ordered that he suspend all testimony in custody and certain other cases for a minimum of one year beginning November 1, 2003.[1] Farrar filed this action on November 16, 2006, seeking damages arising out of Macie's filing of complaints with the State Board and the alleged dissemination of a publication by the defendants in February 2003.

1. Although not separately enumerated as error, Farrar complains that the trial court referred to depositions that were not on file at the time of the trial court's order. In their motion for summary judgment, defendants referred to numerous exhibits, including transcripts of Farrar's deposition. As supplemented, the record shows that these exhibits, including copies of the deposition transcripts, were filed with the trial court. The trial court was entitled to rely thereon. See *Village Auto Ins. Co. v. Rush*, 286 Ga. App. 688, 693 (5) (649 SE2d 862) (2007); *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (3) (352 SE2d 604) (1986).

2. Farrar claims that the trial court erred in granting summary judgment to defendants on his claim supported by the affidavit of Marcus L. Pittman, Jr. We disagree.

Farrar contends that in February 2003, the defendants distributed anonymous flyers in the community alleging that Farrar was subject to prosecution by the Attorney General of the State of Georgia. In support of their motion for summary judgment, defendants averred that they did not author, publish, or distribute such a document. In opposition to the defendants' motion for summary

---

[1] Farrar appealed the State Board's decision to the superior court, which affirmed. We granted Farrar's application for discretionary appeal, vacated the trial court's judgment, and remanded the case with direction. *Farrar v. Ga. Bd. of Examiners of Psychologists*, 280 Ga. App. 455 (634 SE2d 79) (2006). Following remand, the trial court affirmed the State Board's decision. We denied Farrar's subsequent application for discretionary appeal and dismissed a second appeal.

194

judgment, Farrar filed Pittman's affidavit.

Pittman, a "forensic questioned document examiner," averred, based on certain documents provided to him, that Dryden and Mary Ann Macie authored certain other documents or "flyers" provided to him. However, these various documents, specifically exhibits "B" through "E," were not attached to the affidavit filed with the trial court, and the trial court found the affidavit to be insufficient. Without the attachments, Pittman's affidavit did not show either what Dryden and Mary Ann Macie had purportedly authored or what Pittman relied upon to come to that conclusion. Furthermore, for purposes of affidavits supporting or opposing summary judgment, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." OCGA § 9-11-56 (e). The trial court correctly refused to consider Pittman's affidavit. See *Mingledolph v. Univ. Emergency Physicians*, 174 Ga. App. 75, 75-76 (329 SE2d 222) (1985); *Gunnin v. Swat, Inc.*, 195 Ga. App. 344, 345 (393 SE2d 700) (1990).

In view of the foregoing, Farrar presented no admissible evidence connecting the defendants with the anonymous flyers. As to Dryden and Mary Ann Macie, who did not file the complaint with the Board, Farrar's failure to connect them with the flyers entitled them to summary judgment on all of Farrar's claims.[2]

3. The trial court found that Farrar could not recover for Macie's alleged action in reporting Farrar to the State Board because Macie's statements were privileged.[3] Farrar contends that the trial court erred because its finding was not supported by undisputed facts. We disagree.

The State Board is responsible for issuing licenses to practice psychology. See OCGA § 43-39-1 et seq. OCGA § 43-1-19 (a) provides that a professional licensing board may refuse to grant a license, revoke a license, or discipline a licensee if, among other things, the applicant or licensee "[e]ngaged in any unprofessional, immoral, unethical, deceptive, or deleterious conduct or practice harmful to the public, which conduct or practice materially affects the fitness of the licensee or applicant to practice a business or profession licensed under this title." OCGA § 43-1-19 (a) (6). OCGA

---

[2] Farrar does not address or otherwise assign error to the trial court's finding that no evidence supported Farrar's theory that defendants colluded with Tammy Griner and others who allegedly made disparaging comments about Farrar at a bar seminar.

[3] Macie also wrote to the Georgia Psychological Association and disclosed the same information as found in the letter to the State Board, and the trial court found the disclosure to be privileged. However, Farrar's claim of error is directed to the trial court's findings that the disclosure to the State Board was privileged.

§ 43-1-19 (i) provides that a person is immune from civil or criminal liability

> for reporting or investigating the acts or omissions of a licensee or applicant which violate the provisions of subsection (a) of this Code section . . . if such report is made or action is taken in good faith, without fraud or malice.

Macie's complaint to the State Board alleged that Farrar had engaged in conduct which violated several ethical standards and guidelines of the American Psychological Association. For purposes of OCGA § 43-1-19 (a) (6), unprofessional conduct subject to discipline includes "any departure from, or the failure to conform to, the minimal reasonable standards of acceptable and prevailing practice of the business or profession licensed under this title." Pretermitting whether Macie's actions may also be privileged on other grounds, in light of OCGA § 43-1-19 (i), Macie was immune from civil liability for reporting Farrar's alleged unethical and unprofessional conduct to the State Board so long as Macie's report was made "in good faith, without fraud or malice." See generally *Bell v. Sasser*, 238 Ga. App. 843, 853 (3) (520 SE2d 287) (1999) ("the undertaking of a legally privileged act . . . cannot support a tortious interference claim").

Macie averred that he filed the report because "I became concerned that Dr. Farrar often made custody recommendations without a proper evaluation of both parents, the children, and relevant witnesses." The affidavit further shows that Macie spoke to psychologists and read the American Psychological Association Guidelines for Child Custody Evaluations in Divorce Proceedings, and became "worried that Dr. Farrar's custody recommendations violated the APA Guidelines and were improper, to the detriment of the children involved in cases in which he testified."

Macie's sworn testimony evidences his good faith in filing the complaint with the State Board. See *Smith v. Henry*, 276 Ga. App. 831, 832 (625 SE2d 93) (2005) (defendant's affidavit showing the basis for his comments at a Board of Commissioners' meeting established his good faith). "In such posture [Farrar] cannot rest upon his allegations or denials but is cast with the burden [of] showing there was a genuine issue for trial." *Cohen v. Hartlage*, 179 Ga. App. 847, 849 (348 SE2d 331) (1986). Farrar does not argue that anything in the record either shows or reasonably infers that Macie did not act in good faith in communicating with the State Board. It follows that summary judgment was properly granted to Macie on all claims arising from that communication. See *Brewer v. Schacht*, 235 Ga. App. 313, 317-318 (4) (b) (509 SE2d 378) (1998); *Sparks v. Parks*, 172 Ga. App. 823, 826-827 (2) (324 SE2d 784) (1984).

4. Farrar also contends that the trial court erred in finding that his claims against Macie were barred by the statute of limitation and that there were no justiciable issues of law or fact with respect to his claim for tortious interference with contract. In view of our findings in Divisions 2 and 3, these claims of error are moot.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MARCH 30, 2009.

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.

*Lawler, Green, Givelber & Prinz, Nancy F. Lawler, Carlock, Copeland & Stair, Michele R. Jones*, for appellees.