**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 13, 2012**

# In the Court of Appeals of Georgia

A12A0781. JEFFERSON v. STRIPLING et al.

MIKELL, Presiding Judge.

Sherri Jefferson, an attorney representing herself, appeals from the trial court's dismissal of her complaint for failure to state a claim upon which relief could be granted against three siblings, Frances Stripling, Fanny Salley, and Leroy Engram, whom she accuses of, among other claims, tortious interference with her business or profession, libel and slander. Jefferson represented another sibling, Willie Saby Walkes in disputes arising over the distribution of property from the estates of the siblings' relatives and her difficulties with Stripling, Salley, and Engram arose from this.

A complaint must contain "[a] short and plain statement of the claims showing that the pleader is entitled to relief,"[1] and "this short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading."[2] If the complaint gives fair notice, "it should be dismissed for failure to state a claim only if . . . its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief [s]he seeks."[3]

On appeal from the dismissal of a complaint, we view the matter de novo, construing the complaint in the light most favorable to the plaintiff, resolving all doubts in plaintiff's favor.[4]

So viewed, Jefferson's complaint alleged that, from April 2008 through the date of filing, appellees had attacked her trade, business and profession by filing several frivolous complaints with the State Bar of Georgia and that these acts were

---

[1] OCGA § 9-11-8 (a) (2) (A).

[2] (Citations omitted.) *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134 (1) (709 SE2d 314) (2011).

[3] (Citation and punctuation omitted.) Id.

[4] *Cardinale v. City of Atlanta*, 290 Ga. 521, 522 (722 SE2d 732) (2012).

performed with malice and wrongful purpose. Further, Jefferson alleged that appellees engaged in a slanderous and libelous campaign by making false statements to the State Bar, members of the public, the church, and legal community about her personal life. Jefferson also alleged that appellees sent written communications, which they knew to be false, to the legal community, civic leaders, churches, and the trial court alleging that she had engaged in unethical and illegal business conduct. Finally, Jefferson alleges that appellees held private meetings in order to share false and misleading information with three unnamed state agencies in order to injure her reputation, trade, business and profession.

Jefferson's complaint alleges that these acts constitute the torts of tortious interference with her trade, business and profession; malicious use and abuse of process; invasion of privacy; slander and libel; and infliction of emotional distress

Appellees, pro se, filed their response to the complaint, primarily denying knowledge of any of Jefferson's allegations , but also specifically relying on OCGA § 51-5-7 (3) & (4).[5] Thereafter, appellees filed two motions to dismiss, one premised

---

[5] "The following communications are deemed privileged: . . . (3) Statements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned; (4) Statements made in good faith as part of an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern, as defined in subsection (c) of Code Section 9-11-11.1[.]"

3

on the statute of limitation for injury to reputation,[6] and the other based on their position that "contacting the State Bar regarding the Plaintiff's actions is our constitutional right."

1. We first consider Jefferson's third enumeration, that the trial court erred "when it misapplied the proper standard of law and dismissed the complaint under the Anti-SLAPP Statute[7] by asserting that the State Bar of Georgia is a judicial, executive or legislative body. The Dismissal violates public policy and the Georgia Constitution."

The Anti-SLAPP statute, OCGA § 9-11-11.1 (a), reflects the General Assembly's declaration

> that it is in the public interest to encourage participation by the citizens of Georgia in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for redress of grievances. The General Assembly of Georgia further finds and declares that the valid exercise of the constitutional rights of freedom of speech and the right to petition government for redress of grievances should not be chilled through abuse of the judicial process.

---

[6] OCGA § 9-3-33.

[7] "Strategic Lawsuit Against Public Participation."

4

The trial court found that complaints to the State Bar by the appellees were statements made in connection with an issue under consideration by any official proceeding, including any proceeding before an executive or judicial body.[8]

Pursuant to OCGA § 15-19-30, the Supreme Court, in 1963, was "authorized to establish as an administrative arm of the court a unified self-governing bar association which shall be known as the 'State Bar of Georgia,' composed of all persons licensed to practice law in this state." As provided in OCGA § 15-19-31, the Supreme Court issued orders adopting rules and regulations for the organization and government of the state bar and to regulate the practice of law in this state, pursuant to which the State Disciplinary Board, composed of the Investigative Panel and the Review Panel, was set up to deal with complaints regarding members of the bar.[9] Those rules provide for grievances to be filed with the Office of the General Counsel of the State Bar of Georgia.[10]

---

[8] OCGA § 9-11-11.1 (c) defines act in furtherance of the right of free speech or to petition the government as "any written or oral statement, writing, or petition made before or to a legislative, executive, or judicial proceeding, *or any other official proceeding authorized by law, or . . . in connection with . . . any other official proceeding authorized by law.*" (Emphasis supplied.)

[9] Ga. R. & Regs. St. Bar 4-101, 4-102, 4-201 (2012).

[10] Ga. R. & Regs. St. Bar 4-202 (a) (2012).

Although Jefferson focuses her argument on the issue of whether the State Bar is a judicial, executive, or legislative body, we need not decide this issue, because it is clear that issues before the State Bar involving conduct of attorneys are "official proceeding[s] authorized by law" and, therefore, covered by the Anti-SLAPP statute.[11]

This court will affirm a decision of the trial court if right for any reason, even if it is based on erroneous reasoning.[12] Therefore, the Anti-SLAPP statute is applicable to this matter, as held by the trial court, but subject to the procedural requirements addressed in Division 3, below.

2. Jefferson's first enumeration is that the trial court abused its discretion in granting the motion regarding immunity under OCGA § 43-1-19 (a) because the trial court did not conduct a finding of fact on the issue of good faith.

---

[11] *Hindu Temple &c. v. Raghunathan*, 311 Ga. App. 109, 114-115 (1) (714 SE2d 628) (2011); *Harkins v. Atlanta Humane Society*, 273 Ga. App. 489, 490 (618 SE2d 16) (2005).

[12] *Brown v. Pounds*, 289 Ga. 338 (711 SE2d 646) (2011); *Schwartz v. Schwartz*, 275 Ga. 107, 109 n. 5 (561 SE2d 96) (2002).

The immunity provided under OCGA § 43-1-19 (i), however, is applicable to only those professions and occupations licensed under that title.[13] As discussed in Division 1, supra, attorneys are governed by other statutes and regulations not included in Title 43.

Therefore, OCGA § 43-1-19 (2) is inapplicable to this matter.

3. Jefferson's second and fourth enumerations are that the trial court abused its discretion in granting the motion under OCGA §§ 9-11-12 (b) (6) & 9-11-8 (a) (2) and in denying an evidentiary hearing on the motion under OCGA § 9-11-11.1. They are considered together.

OCGA § 9-11-11.1 (d) provides that "[a]ll discovery and any pending hearings or motions in the action shall be stayed upon the filing of a motion to dismiss . . .made pursuant to subsection (b) . . . . The motion *shall be heard* not more than 30 days after service . . . ." (Emphasis supplied.)

---

[13] See *Farrar v. Macie*, 297 Ga. App. 192, 194-195 (3) (676 SE2d 840) (2009) (dealing with immunity for psychologists licensed under Chapter 39 of Title 43).

The record reflects that no hearing was held on the Anti-SLAPP defense, as required by the statute.[14] Therefore, this case is remanded to the trial court for a hearing as required by the Anti-SLAPP statute.

*Judgment affirmed in part and reversed in part and case remanded. Miller and Blackwell, JJ., concur.*

---

[14] See *Hindu Temple*, supra at 112 ("The trial court held a hearing on the motion pursuant to OCGA § 9-11-11.1 (d)[.]"); *Metzler v. Rowell*, 248 Ga. App. 596, 597 (1) (547 SE2d 311) (2001) ("[T]he statute provides that a claim that could reasonably be construed as infringing upon these rights must be accompanied by a detailed verificaton and provides for a motion to dismiss and hearing on this issue.").