**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P.  J., and LAND, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2023**

# In the Court of Appeals of Georgia

A23A0432. ODOM v. FRANKLIN.

DOYLE, Presiding Judge.

Thomas Odom, plaintiff in the case below, appeals from the trial court's grant of summary judgment to the defendant. Odom contends that the trial court erred in concluding that his action is barred by the exclusive remedy provision of the Workers' Compensation Act.[1] For the reasons discussed below, we affirm the trial court's judgment.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[1] See OCGA § 34-9-11 (a).

to judgment as a matter of law[.]"[2] We review the grant of a motion for summary judgment de novo, "view[ing] the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[3]

So viewed, the record shows that at approximately 7:10 a.m. on September 28, 2019, Odom was hit by a car in his employer's parking lot. Odom had finished his shift and was putting his bag in the back of his truck when a car struck him. The driver of the car, Richard Franklin, worked for the same employer and was running late for his shift, which was scheduled to start at 7:00 a.m. Odom received workers' compensation benefits for the accident. Odom also filed a negligence action against Franklin. Franklin moved for summary judgment, arguing that Odom's suit was barred by the exclusive remedy provision of the Workers' Compensation Act. The trial court granted the motion, and Odom filed this appeal.

Odom contends on appeal that summary judgment was inappropriate because there is a genuine dispute as to whether Franklin was acting within the course and scope of his employment and whether his actions arose out of his employment. He

_____

[2] OCGA § 9-11-56 (c).

[3] (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

2

emphasizes that Franklin was late for his shift at the time of the accident and notes that it is against their employer's policy for an employee to arrive late for a shift.

We review de novo the trial court's conclusion that Odom's suit against Franklin is barred by the exclusive remedy provision of the Workers' Compensation Act.[4]

Pursuant to OCGA § 34-9-23, the Georgia Workers' Compensation Act "shall be liberally construed only for the purpose of bringing employers and employees within the provisions of this chapter and to provide protection for both." The Act includes an exclusive remedy provision which reads, in relevant part, as follows.

> The rights and the remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee . . . and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death . . . . No employee shall be deprived of any right to bring an action against any third-party tort-feasor, *other than an employee of the same employer*[.][5]

---

[4] See *Savannah Hosp. Svcs, LLC v. Scriven*, 350 Ga. App. 195, 198 (828 SE2d 423) (2019) ("Whether the exclusivity provision bars an action is a question of law subject to de novo review.").

[5] (Emphasis supplied.) OCGA § 34-9-11 (a).

Thus, when an injury falls within the purview of the Act, the injured employee is barred from recovering in tort against not only his employer, but also against an employee of the same employer.[6]

The Supreme Court of Georgia has concluded that "the phrase 'employee of the same employer' . . . mean[s] a person who is acting as an employee rather than as a third party to the employment relationship at the time of the injury in question."[7] When a co-worker seeks to establish that he was acting as an employee rather than as a third-party at the time of the incident, such that the injured employee is barred from bringing a tort suit against him, the co-worker must demonstrate that he was acting "in the course of his employment when he injured [the claimant]."[8]

The question of whether an employee was acting "in the course of his employment" when an injury occurred is often presented in cases where an employer disputes the compensability of an injury. In that context, the Supreme Court has stated as follows.

---

[6] See *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993).

[7] *Smith v. Ellis*, 291 Ga. 566, 574 (3) (a) (731 SE2d 731) (2012).

[8] Id. at 578 (3) (e).

4

An injury arises "in the course of" employment when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties. . . . Injuries occurring in the course of employment certainly include injuries sustained when an employee is actually engaged in the performance of her assigned work, but they also include injuries sustained when the employee is engaged in activities incidental to her assigned work. Such incidental activities include, among other things, ingress and egress to the place of work while on the employer's premises.[9]

"When analyzing the 'in the course of' prerequisite, courts generally focus on the nature of the employee's activity at the time of the injury, not whether [he] was paid for it or was free to do something else."[10]

In this case, the question is whether a co-worker was acting in the course of his employment when he injured the claimant — not whether the claimant was acting in the course of his employment when he was injured. But we see no reason why the same phrase should be read differently in this context. In both scenarios, the ultimate

---

[9] (Citations and punctuation omitted.) *Frett v. State Farm Employee Workers' Compensation*, 309 Ga. 44, 46 (2) (a) (844 SE2d 749) (2020).

[10] (Citations omitted.) Id. at 48-49 (2) (a) (where the nature and timing of the employee's activity at the time of the accident are connected to her usual work hours or work-related activities, the injury is typically found to have occurred in the course of her employment).

question is whether the employee was engaged in employment-related activities when the accident occurred. And even in this context, we have held that an employee's period of employment includes a reasonable time for ingress to and egress from the workplace, while on the employer's premises, and that an employer-owned parking lot is considered part of the employer's premises.[11]

The undisputed evidence shows that Franklin and Odom were employed by the same employer and that Franklin injured Odom approximately ten minutes after Franklin's shift was scheduled to start, in a parking lot owned by their employer, as Franklin was traveling to his workplace to report for his shift. Odom emphasizes that Franklin violated company policy by arriving late for a scheduled shift, and he characterizes Franklin as an "absent" employee in light of that policy. But the record clearly demonstrates that although Franklin was approximately ten minutes late for his shift, he was driving in the parking lot because he was reporting to work, not because he was engaging in a personal detour.[12] We conclude, therefore, that Franklin

---

[11] *Crawford v. Meyer*, 195 Ga. App. 867 (395 SE2d 327) (1990) (where co-worker struck claimant's car soon after she finished her shift, in a parking lot on the employer's premises, the exclusivity provision of the Workers' Compensation Act barred claimant from seeking further recovery from the co-worker).

[12] See *Frett*, 309 Ga. at 48-49 (2) (a).

6

was acting in the course of his employment when he struck Odom.[13] And because Franklin was acting as an employee rather than as a third party to his employment relationship when he caused Odom's injury, the trial court correctly concluded that the exclusivity provision of the Workers' Compensation Act bars Odom from bringing a tort suit against Franklin.[14] Consequently, we affirm the trial court's grant of summary judgment to Franklin.

*Judgment affirmed. Barnes, P. J., and Land, J., concur.*

---

[13] See *Crawford*, 195 Ga. App. at 867.

[14] See id.