**FIFTH DIVISION**
**MCFADDEN, P.J.**
**BROWN AND MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 8, 2024**

# In the Court of Appeals of Georgia

A23A1312. BARNWELL v. TRIVEDI.

MCFADDEN, Presiding Judge.

C. Napoleon Barnwell sued Ankur Pankaj Trivedi for defamation. The trial court granted Trivedi's motion to dismiss the complaint under OCGA § 9-11-11.1 (b), a provision of the anti-SLAPP statute. We affirmed the dismissal in *Barnwell v. Trivedi*, 366 Ga. App. 168 (881 SE2d 16) (2022). When the case was returned to the trial court, the court granted Trivedi's motion for attorney fees under OCGA §§ 9-11-11.1 (b.1) and 9-15-14 (a) and (b) in the amount of $21,450. Barnwell filed this appeal.

Contrary to Barnwell's argument, we hold that evidence supports the award under OCGA § 9-15-14. Barnwell argues that the trial court erred in awarding fees for the earlier appeal. But under the anti-SLAPP statute, a court may award fees for

appellate work. OCGA § 9-11-11.1 (b.1). Finally, Barnwell argues that the amount of fees awarded was unreasonable. But he has not shown that the trial court abused his discretion in awarding that amount. So we affirm.

1. *Background*

As set forth in the earlier opinion,

Barnwell and Trivedi are licensed Georgia attorneys who at one point represented opposing parties in a case in the State Court of DeKalb County. Barnwell employed law student Renee E. Taylor, who conducted depositions in the case. After suspecting and confirming that Taylor was not a licensed member of the Bar when she took the deposition, Trivedi secured transcripts of depositions from matters handled by other law firms in which Taylor also conducted depositions prior to becoming licensed to practice law. As a result of his investigation, Trivedi filed in the State Bar of Georgia a grievance against Taylor for holding herself out as an attorney and conducting depositions prior to obtaining her provisional license to practice law and a grievance against Barnwell for facilitating and promoting the unauthorized practice of law ("UPL") by Taylor.

Trivedi also moved for sanctions in the DeKalb County case. At the hearing on the motion, Barnwell took the position that Taylor, his intern and a law student at John Marshall Law School, was authorized to practice law under the Supreme Court of Georgia's Student Practice Rule. At the hearing, the judge concluded that Taylor's actions were not

2

permitted under the Student Practice Rule and that Barnwell violated the rule by permitting her to take the depositions.

Barnwell filed [a complaint] against Trivedi in the Superior Court of Gwinnett County, alleging claims for defamation/slander by: (1) filing the motion for sanctions in the DeKalb County case; (2) filing the Bar complaint; and (3) expressing to other lawyers that Barnwell engaged in UPL. Trivedi moved to dismiss the case for failure to state a claim and for violation of Georgia's anti-SLAPP statute. At the hearing on the motion to dismiss, Barnwell abandoned his claims based on Trivedi's statements in the Bar complaint and in the sanctions motion in the DeKalb County case, conceding that the statements constituted protected speech under Georgia law, but he argued that his claim that Trivedi slandered him to other attorneys remained actionable.

The trial court dismissed Barnwell's case, finding that he failed to establish a possibility that he would prevail on his remaining claim because there was no evidence that Trivedi made statements regarding Barnwell assisting in Taylor's UPL to any lawyers other than those in Trivedi's law firm, nor was there evidence that Trivedi said anything that was not already a matter of public record.

*Barnwell*, 366 Ga. App. at 168-169 (footnotes omitted). We affirmed the dismissal of Barnwell's lawsuit against Trivedi. Id. at 173-174.

After the remittitur was filed in the trial court, the court granted Trivedi's motion for attorney fees under OCGA §§ 9-11-11.1 (b.1) and 9-15-14 (a) and (b). Barnwell filed this appeal.

2. *Basis for fees*

Barnwell challenges the award to the extent that it was based on OCGA § 9-15-14, arguing that no evidence showed that he brought his defamation action against Trivedi in bad faith, with the intent to harass, or without substantial justification. We hold that the trial court did not err in finding that Trivedi made the required showings for the award.

(a) *OCGA § 9-15-14 (a)*

OCGA § 9-15-14 (a) provides:

> In any civil action . . . reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

"OCGA § 9-15-14 (a) provides for a mandatory award. The standard of review for this section is the 'any evidence' rule." *Haggard v. Bd. of Regents*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987) (footnote omitted).

Barnwell argues that the trial court erred because he alleged a prima facie case for defamation. But as detailed above, the appropriate standard, which the trial court applied, is whether "there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim," OCGA § 9-15-14 (a), not whether Barnwell alleged a prima facie case. And here, evidence supports the trial court's finding that Barnwell's defamation action lacked any justiciable issue of law or fact.

Relying on the factual findings made in the order granting Trivedi's anti-SLAPP motion to dismiss as well as the facts recited in the prior appeal, the trial court found that during oral argument on the anti-SLAPP motion to dismiss, Barnwell conceded that two of his alleged grounds for defamation — libel for statements Trivedi made in complaints to the State Bar of Georgia and libel for statements Trivedi made in a motion for sanctions in DeKalb County State Court — were not sustainable because the statements were protected speech under Georgia law. See OCGA § 51-5-8 ("All

charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged."); *Jefferson v. Stripling*, 316 Ga. App. 197, 200 (1) (728 SE2d 826) (2012) ("issues before the State Bar involving conduct of attorneys are official proceedings authorized by law and, therefore, covered by the Anti-SLAPP statute") (citations and punctuation omitted). These findings support the trial court's conclusion that there was a complete absence of any justiciable issue of law as to these two grounds of the defamation complaint.

As for the third ground — slander as a result of Trivedi informing other lawyers that Barnwell had participated in the commission of the unauthorized practice of law — the trial court found that no evidence supported Barnwell's claim. And as noted in the prior opinion in this case, Trivedi denied discussing the matter with outside lawyers, and Barnwell failed to come forward with any evidence showing that he had, relying instead on inferences. *Barnwell*, 366 Ga. App. at 173. So some evidence supports the trial court's conclusion that there existed a complete absence of any justiciable issue of fact for this ground of the defamation complaint.

(b) *OCGA § 9-15-14 (b)*

OCGA § 9-15-14 (b) provides:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

"OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard*, 257 Ga. at 527 (4) (c).

As a basis for the award under OCGA § 9-15-14 (b), the trial court concluded that Barnwell's "claims lacked substantial justification and that parts thereof were interposed for delay or harassment, and [that Barnwell] unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures . . . ." The court found that Barnwell's action was filed

in retaliation for the Bar complaint filed against him and for the motions for sanctions filed against him . . . based upon fact that service was attempted in an improper and harassing manner, that unsustainable claims were made in this suit that were abandoned only when challenged, and that no evidence of any type was submitted to this [c]ourt to support the generalized claim that [Barnwell] was disparaged to "other lawyers."

Given these findings, the trial court did not abuse his discretion in awarding fees under OCGA § 9-15-14 (b).

(c) *OCGA § 9-11-11.1 (b.1)*

Moreover, under OCGA § 9-11-11.1 (b.1), "a prevailing moving party on a motion to strike shall be granted the recovery of attorney's fees and expenses of litigation related to the action in an amount to be determined by the court based on the facts and circumstances of the case." Trivedi was the prevailing party on his motion to dismiss under the anti-SLAPP statute and so was entitled to the award of fees under this statute.

3. *Fees for appellate proceedings*

Barnwell argues that the trial court erred in awarding fees for the prior appellate proceedings. He acknowledges that we held in *Rosser v. Clyatt*, 364 Ga. App. 101 (874 SE2d 140) (2022), that OCGA § 9-11-11.1 (b.1), "the anti-SLAPP's attorney fees provision[,] allows parties to recoup appellate fees." *Rosser* at 104 (2). But he argues that *Rosser* was wrongly decided. We are not persuaded. Because *Rosser* remains valid precedent, the trial court did not err in awarding fees for the appellate proceedings.

4. *Fee amount*

Barnwell argues that the trial court awarded an unreasonable amount of fees. He has not shown that the trial court abused his discretion.

Barnwell argues that at the hearing on the anti-SLAPP motion to dismiss the defamation action, Trivedi's attorney represented that he charged Trivedi $400 per hour but at the hearing on attorney fees, he stated that $500 per hour is reasonable. In fact, the attorney, who works in the same firm as Trivedi, did not testify that he charged Trivedi any particular amount. Rather, he testified at the anti-SLAPP hearing on the motion to dismiss that $400 per hour is a reasonable fee for this kind of matter, given his experience. At the hearing on the issue of attorney fees, he testified that a fee between $400 and $500 per hour would be reasonable, given the complexity of the

case and the level of his experience. He submitted his time records, documenting the 41.4 hours of work he performed on the case.

Barnwell's attorney cross-examined Trivedi's attorney, but put up no evidence as to a reasonable fee. The trial court concluded that, after weighing all of the evidence before it, the preponderance of the evidence supported an award calculated at $500 per hour.

As the court observed, under OCGA § 9-15-14, a trial court is authorized to assess an award representing the reasonable value of the attorney's services rendered and is not limited strictly to the amount that the attorney actually billed to his client. *Hindu Temple & Community Center of High Desert v. Raghunathan*, 311 Ga. App. 109, 117-119 (3) (714 SE2d 628) (2011). Barnwell has not shown that the trial court abused his discretion.

*Judgment affirmed. Brown and Markle, JJ., concur.*