**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 5, 2025**

# In the Court of Appeals of Georgia

A25A0332. CURRY v. WADE.

MERCIER, Chief Judge.

John Curry appeals from the trial court's order striking his complaint against Wendy Wade pursuant to Georgia's anti-SLAPP statute, OCGA § 9-11-11.1. Because the trial court failed to hold a statutorily required hearing, we vacate the judgment striking the complaint and remand for further proceedings.[1]

---

[1] In its order, the trial court also denied several motions filed by Curry. Curry does not clearly challenge those rulings on appeal, focusing instead on the portion of the order granting Wade's motion to strike. To the extent Curry intended to challenge the trial court's other rulings, this argument is deemed abandoned. See *Love v. Fulton County Bd. of Tax Assessors*, 348 Ga. App. 309, 320 (4) n.9 (821 SE2d 575) (2018) (challenge to trial court's ruling abandoned where appellant failed to present any legal argument in appellate brief).

On September 8, 2023, Curry sued Wade for defamation, false arrest, malicious prosecution, and intentional infliction of emotional distress relating to allegations that Wade wrongfully had Curry arrested "based on lies and untruths[.]" Wade moved to strike the complaint on anti-SLAPP grounds, asserting that Curry's claims arose solely from statements she made while petitioning the government to investigate criminal activity and enforce a previously entered protective order. Eight months later, and without holding a hearing, the trial court granted Wade's motion to strike the complaint. This appeal followed.

A "strategic lawsuit against public participation," otherwise known as a "SLAPP" action, is litigation "intended to silence and intimidate critics or opponents by overwhelming them with the cost of a legal defense until they abandon that criticism or opposition." *Jubilee Dev. Partners v. Strategic Jubilee Holdings*, 344 Ga. App. 204, 206 (809 SE2d 542) (2018) (citation and punctuation omitted). Georgia's anti-SLAPP statute seeks to protect persons from such litigation and encourage citizens to participate in matters of public significance and interest by exercising their constitutional rights to petition the government and speak freely. See id.; OCGA § 9-

11-11.1 (a). To this end, OCGA § 9-11-11.1 (b) sets forth a mechanism for challenging a SLAPP action through a motion to dismiss or strike.

Wade used this mechanism here, moving to strike Curry's complaint under OCGA § 9-11-11.1 (b), and the trial court granted the motion. Curry now challenges the anti-SLAPP ruling, asserting that the trial court erred in resolving Wade's motion without holding a hearing. We agree.

Subsection (d) of the anti-SLAPP statute provides:

All discovery and any pending hearings or motions in the action shall be stayed upon the filing of a motion to dismiss or a motion to strike made pursuant to [the anti-SLAPP statute] until a final decision on the motion. *The motion shall be heard* not more than 30 days after service unless the emergency matters before the court require a later hearing.

OCGA § 9-11-11.1 (d) (emphasis supplied).

Construing the emphasized language, we have held that a trial court must conduct a hearing before ruling on an anti-SLAPP motion to strike or dismiss. See *Jefferson v. Stripling*, 316 Ga. App. 197, 201 (3) (728 SE2d 826) (2012); see also *Metzler v. Rowell*, 248 Ga. App. 596, 598 (1) (547 SE2d 311) (2001) (OCGA § 9-11-11.1 "provides for a motion to dismiss and hearing on this issue"). This construction

3

comports with our Supreme Court's decision in *Taylor v. Public Convalescent Svc.*, 245 Ga. 805, 806 (2) (267 SE2d 242) (1980), which held in another context that statutory language providing that an issue "shall be heard and determined by the court" establishes a "clear . . . mandate for a hearing." See also *Boyd v. JohnGalt Holdings*, 318 Ga. App. 866, 869 (2) (736 SE2d 459) (2012) (citing *Taylor* and noting in that context that "[t]he Supreme Court of Georgia has interpreted this language to mean that a hearing is required").

The trial court was required — but failed — to hold a hearing before ruling on Wade's motion to strike Curry's complaint pursuant to OCGA § 9-11-11.1. Accordingly, we must vacate the trial court's order to the extent it granted that motion and remand for further proceedings consistent with this opinion. See *Jefferson*, 316 Ga. App. at 201 (3).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Land, J., concur.*